SMITH *v.* THE STATE.

In criminal cases, in the Supreme Court, where there is a reversal of the judgment which does not put an end to the case, but leaves it for further action of the Court below, the defendant must pay the costs which he has made in the Supreme Court; but where such reversal puts an end to the prosecution, and leaves to the inferior Court simply the duty of dismissing it, the defendant is not liable for such costs.

MOTION to correct a judgment for costs and to recall a fee-bill.

*Monday,
December* 11.

PERKINS, J.—*Smith* was convicted below, but the judgment was reversed in this Court, on the ground that the Court rendering it had no jurisdiction. It was not made a part of the judgment of this Court that the reversal should be without costs, and, hence, the clerk issued his fee-bill for their collection.

It is contended that the judgment here should have been without costs, and that the fee-bill should be recalled.

We concur in the opinion.

Costs are regulated by statute, and are given generally where a defendant is convicted. But in the criminal practice act, 2 R. S., p. 383, in the article following that regulating appeals to the Supreme Court, section 169 enacts that—

"When a defendant is acquitted in a criminal action he is not liable for any costs, except when otherwise provided in this act."

There is no difficulty in applying this act in the inferior Court. Whenever the defendant is acquitted, that is, as we understand, finally discharged from any given prosecution, either by a verdict, motion to quash, *nolle prosequi,* &c., he pays no costs.

The difficulty lies in its application in the Supreme Court. When is a defendant "acquitted" here? He is prosecuted below on a good information and is convicted; but the Court give an erroneous instruction, or admit illegal evidence, and, for such cause, the judgment is reversed and the cause remanded for further proceedings below. Here, it is evident, the defendant is not acquitted, that is,

finally discharged from the prosecution, and he must pay costs. Again. A defendant is convicted below, upon a bad information, or in a case where the Court had no jurisdiction—in a case, in short, where the defendant ought to have been discharged from the prosecution, and he brings the cause to this Court, where it is reversed, and the Court below ordered to discharge the defendant. Here, the defendant, we think, may properly be said to be acquitted of the prosecution, and, hence, to be entitled to go free of costs. We may lay down this rule, then, for the Supreme Court: that in all cases where there is a reversal here which does not put an end to the cause, but still leaves it to further action in the Court below, the defendant in the prosecution pays his costs; but in all cases where the reversal here puts an end to the given prosecution, and leaves to the Court below the mere duty of dismissing the prosecution, the defendant may be regarded as acquitted, and, hence, not liable for costs.

In the present case, the judgment below was reversed because the Court below had no jurisdiction. That Court, therefore, ought to have discharged the defendant without costs. It did not do so, and the defendant was compelled to come here to obtain his right, and this Court should direct his discharge below. Hence, he should not pay costs.

*Per Curiam.*—The motion is granted.

*W. March,* for the appellant.

*J. W. Gordon,* for the state.