May Term,
1858.

THE BOARD
OF COMMIS-
SIONERS, &C.,
v.
POTTS.

THE BOARD OF COMMISSIONERS OF VERMILLION COUNTY
v. POTTS, Sheriff.

THE SAME v. BELL, Clerk.*

Section 25 of ch. 20, 1 R. S. 1852, providing for allowances by county commissioners to clerks, sheriffs, &c., for extra services, is repealed by §§ 5 and 35, ch. 49, Acts of 1855.

An appeal lies from the decision of a county board upon a claim by a county officer for extra services under the statute of 1855, as from any other judicial decision of such board.

Monday,
May 31.

APPEAL from the *Vermillion* Circuit Court.

HANNA, J.—*Potts* presented his claim to the appellants for allowance for extra services as sheriff of said county. The appellants allowed about one-third of the claim; the residue was not allowed. *Potts* appealed to the Circuit Court. The commissioners there moved to dismiss the suit, and also to dismiss the appeal, each of which motions was overruled. These rulings of the Court are assigned as errors.

It is urged that the board of commissioners had no jurisdiction, nor had the Circuit Court, to consider, hear and determine anything in reference to the claim filed by *Potts;* because it was not subscribed and sworn to by him. We are referred to the following statute:

" Such commissioners shall annually allow the clerk of the Circuit Court, sheriff and auditor, an annual compensation for all extra services as such, not exceeding one hundred dollars each; but such allowance shall not be made to any such officer, until he shall file a detailed statement of his charge, with items and dates, to the truth of which he shall take and subscribe an oath; which allowance shall be in discharge of all compensation for all extra and other

---

* *Bell*, as clerk of the Circuit Court of the county of *Vermillion*, filed a claim before the board of commissioners for extra services, a portion of which was allowed. *Bell* appealed to the Circuit Court. There, the same motions were made, and the same points arose, as in *Potts's* case.

The counsel were the same in both cases.

services where no certain fee is fixed by law." 1 R. S. p. 229, § 25.

By the appellee, it is insisted that the above section is repealed by the act of 1855. The latter clause of § 5 of that act is as follows.: " Clerks and sheriffs shall be entitled to receive such reasonable allowance for extra services as the board of county commissioners may think right and proper, to be paid out of the county treasury." And § 35 of the same act (p. 115), says: " The act entitled ' An act regulating the fees of officers,' approved *June* 16th, 1852, and all former laws in conflict with this act, or any part of it, be and the same are hereby, repealed."

Is the section first above quoted, or any part of it, repealed by this latter act? Can the decision of the board of commissioners, in such case, be appealed from? These are points raised by the parties in this case.

Upon a comparison of the two statutes, it will be seen that the act of 1852 limited the amount to be allowed for extra services to not exceeding 100 dollars; that of 1855 has no such limitation. That of 1852 made the allowance a discharge for " all extra and other services where no certain fee is fixed by law;" that of 1855, so far as the compensation of clerk is concerned, contains this clause: " For all services not specifically provided for in this act, the clerk shall be allowed the same fees as are by law allowed for similar services;" and as to sheriffs, the following clause: " In criminal cases, not provided for, the like fees as for services in civil cases."

These quotations from the two statutes, will show, at a glance, that there is such conflict as cannot be reconciled, and that without doubt the act of 1855 directly repealed that of 1852, as to the amount of compensation which may be allowed out of the county treasury, and, we think, by implication, as to the manner in which such claim should be presented. The term " extra service" included more under the law of 1852, than under that of 1855. An allowance for such extra service under the law of 1852, discharged any claim, upon the part of the officer, for a certain class of services, for which, under the law of 1855, he

*Margin notes:* May Term, 1858.

THE BOARD OF COMMISSIONERS, &c.,
v.
POTTS.

May Term,  obtains like fees as for similar services.   The statutes are
1858.    so essentially different, that the latter repealed the former.
THE BOARD  6 Ind. R. 148.   By the second section of the act of 1852
OF COMMIS-
SIONERS, &c.,  "regulating the fees of officers," allowances to clerks or
v.    sheriffs payable from the county treasury, for extra services,
POTTS.
were forbidden where the fees per annum amounted to more than 1,000 dollars.   The repeal of this portion, and the essential modification of other portions, of the statute, would appear to indicate the intention of the legislature to entirely reform the statute in reference to fees of officers.

Where a new statute covers the whole subject-matter of an old one, and is repugnant to the former, it, by implication, repeals the old act, as a general rule.   13 How. (*U. S.*) 429, 19 Curtis, 575.

As to the second question, we are of opinion an appeal clearly lies, and that the action of the county board is not, as insisted, final.   This cannot be classed among voluntary allowances; for it is but a mode of payment for certain services rendered by public officers, for which remuneration is not otherwise provided.   The officer has, by the statute, a claim against the county for such services; and if the proper authority refused to pay him a reasonable amount, and no appeal lies, he would then be in possession of a right without the power to enforce it.   " In vain would rights be declared, in vain directed to be observed, if there were no method of recovering and asserting those rights, when wrongfully withheld."   1 Blac. Com. 56.

The claim is presented to the board of commissioners; and from the decision of that tribunal an appeal lies under § 31 of the act providing for the organization of such board (1 R. S. p. 229), as from any other judicial decision of that body.

*Per Curiam.*— The judgment is affirmed with costs.

*S. F. Maxwell,* for the appellants.

*T. C. W. Sale,* for the appellees.