The Board of Commissioners of Miami Co. *v.* Blake.

<hr/>

THE BOARD OF COMMISSIONERS OF MIAMI CO. *v.* BLAKE.

COSTS IN CRIMINAL CASES.—In criminal cases, county officers are not entitled to recover any costs against the State or county where the defendants are either acquitted, or discharged upon *nolle prosequi*, and in cases of conviction they can only recover of the persons convicted.

STATUTES CONSTRUED—COSTS.—Under section 25, 1 G. & H., p. 338, so far as the recovery of costs is concerned, a discharge upon *nolle prosequi* shall be deemed an acquittal.

SAME—"EXTRA SERVICES."—Under section 1 of the act of *March* 11, 1861, 2 G. & H., p. 652, *extra services* should be construed to embrace all services rendered by the officers therein named for which no compensation is given by law, and one hundred dollars is the largest amount which the county can legally allow for such extra services.

SERVICES—CONSTITUTIONAL LAW.—Officers take their offices *cum onere*, and services required of them by law, for which they are not specifically paid, must be considered compensated by the fees allowed for other services, and this construction involves no violation of sec. 21, article 1, constitution of *Indiana*.

The Board of Commissioners of Miami Co. *v.* Blake.

APPEAL from the *Miami* Circuit Court.

PERKINS, J.—*Alexander Blake* filed a claim with the Board of Commissioners of *Miami* county asking that it be allowed by said commissioners, which claim embraced the costs in criminal cases disposed of by *nolle prosequi* while he was clerk.

The commissioners refused to allow the claim. *Blake* appealed to the Circuit Court. That Court allowed him the amount of costs in the cases thus disposed of prior to the act of 1861, to which we shall refer, but refused to allow him the amount of those so disposed of after that act became a law.

If the clerk can compel an allowance of payment of the costs in question, it is because some law imposes upon the commissioners the duty of making such allowance. The right to recover costs is given and regulated by statute. *Smith* v. *The State*, 5 Ind. 541. At common law each party paid the officers for services as they were performed. Perk. Pr. p. 363. But, says *Blackstone*, book 3d, p. 400, "the King (and any person sueing to his use) shall neither pay nor receive costs; for, besides that he is not included under the general words of these statutes, (giving costs,) as it is his prerogative not to pay them to a subject, so, it is beneath his dignity to receive them." This principle, so far as it applies to the payment of costs by the State, has been adopted as a general principal of American law. See *The State* v. *Rackley*, 2 Blackf. 249.

In *Rawley* v. *The Board of Commissioners of Vigo County*, the Court say: "We have no doubt in this case. Neither the State, nor a county, is bound by law to pay the fees and charges of the officers in cases of prosecutions on behalf of the State, in which the prosecution fails. There have been frequent cases of the kind in this Court; and we have uniformly refused to give costs against the State. It is settled

in the Supreme Court of the *United States* that the *United States* never pays costs in any suit. *United States* v. *Barker*, 2 Wheat. 395. In the present case, the county can not be liable for the fees and charges stated, without an express statute on the subject." 2 Blackf. 355.

It should be observed that the point decided is that the county is not liable to pay costs in State cases for parties other than herself. Where the county is a party, she may be liable, like other parties, to pay the costs of suit. She has not the State prerogative of exemption.

At common law, then, the officers depend upon the parties for their fees, except the State, which they nominally serve gratuitously, but, in reality, get their pay, because the State fixes the rate of fees they charge private parties so high as to compensate them, in their aggregate receipts, for their services in State cases, where there are acquittals; and this is what is meant when it is said that officers take their offices *cum onere*, and the constitutional provision touching services without compensation does not apply to such. *Falkenburg* v. *Jones*, 5 Ind. 296; *Israel* v. *The State*, 8 *id.* 467. See Ind. Dig. Tit. Costs.

In the case at bar, then, we must ascertain if there be a statute making it the duty of the commissioners to allow payment of such costs as those set out in *Mr. Blake's* claim. In 1855 the Legislature enacted that: "Clerks and Sheriffs shall be entitled to receive such reasonable allowance for extra services as the Board of County Commissioners may think right and proper, to be paid out of the county treasury."

"Extra services" are not defined, but we take it that they must be services incident to their offices for which compensation is not provided by law. They surely can not be services disconnected from their offices, such as working on the highways, harvesting wheat, or traveling for any purpose and making speeches among the people.

The Board of Commissioners of Miami Co. *v.* Blake.

Perhaps, therefore, under the act of 1855, the board might, and, it might seem from the case of *The Board, &c.* v. *Potts,* 10 Ind. 286, that the board should allow for such service as those for which compensation is claimed in this suit.

But in 1861 the Legislature enacted this law: "That the Board of County Commissioners shall annually allow the clerk and sheriff of their respective counties an annual compensation for extra services as such, not exceeding one hundred dollars each;" but before the allowance is made an itemized and verified account must be filed; and when that is done, "the board may then make such reasonable allowance as they deem proper, *but in no event to exceed the sum above named;* which allowance shall be in full of all compensation for extra *and other services,* where no certain fee is fixed by law." 2 G. & H. p. 652. We think this section should be construed to mean, where no compensation is given by law; and thus construed, to cover the claim in the case at bar so far as it originated under it; but however this may be, we think that claim included within the act of 1855, sec. 25, p. 113, which reads thus:

"In all criminal prosecutions, when the person shall be acquitted, no costs against such person, nor against the State or county, for any services rendered in such prosecution by any clerk, sheriff, coroner, justice of the peace, constable or witness, but in all cases of conviction, such fees and costs shall be taxed and collected as in other cases, from the person convicted."

We think a discharge by *nolle prosequi* should, within the spirit of this section, be regarded, as to the question of costs, as an acquittal. The object of the section was to restore the common law as to costs in criminal prosecutions, so far as the State and county are concerned. It was intended to exempt them from liability for costs in the cases of criminal prosecutions against individuals of the community, whether

---

the prosecutions resulted in convictions or not. The *nolle prosequi*, for the purposes of this statute, may be well regarded as embraced by it under the term acquittal. The *nolle prosequi*, like an acquittal, ends the given case, and at the costs of the State, the party who pays no costs. It can not be entered "except by order of the Court, on motion." 2 G. & H. p. 414, sec. 102. It can scarcely be supposed that it would be ordered in a case where a conviction could be had.

We think we shall carry out the intention of the Legislature and do justice, by thus construing these statutory provisions, and without in the least overstepping the limits prescribed for statutory interpretation and construction.

We think, under the act of 1861, one hundred dollars limits the amount which the county can allow severally to clerks and sheriffs for *extra services*, and that *nolle prosequi* in criminal cases are to be regarded as acquittals under the act of 1855, above quoted. See *The State* v. *Swope*, 20 Ind. 107.

*Per Curiam.*—The judgment is affirmed, with costs.

*N. O. Ross* and *R. P. Effinger*, for the appellant.

*Pratt & Baldwin*, for the appellee.