FIFIELD *v.* THE BOARD OF COMMISSIONERS OF PORTER COUNTY..

CONSTRUCTION—COUNTY AUDITOR.—FEES.—The only construction that can fairly be given to the language used in section 107, of the school law of 1865, (Acts 1865, p. 25,) is that it was intended thereby to compensate the county auditor for all services of every kind rendered by him, and chargeable to the county, in the care and management of the school fund.

SAME.—It was the evident intention of the legislature, in the passage of the act, not to provide double compensation for the same services, but to definitely fix the compensation that should be allowed to county auditors. for "managing the school fund," and thereby to protect both the county and the fund from unreasonable charges.

SAME.—REPEAL.—The repealing clause in section 168 of the act of 1865, (Acts, 1865, p. 37,) taken in connection with section 107, of the same act, repeals so much of section 8, of the act of 1855, (1 G. & H. p. 333,) as gives to county auditors specific fees for services, to be paid by the counties, in connection with their management of the school fund.

SAME.—Section 8, of the act of 1855, (1 G. & H. p. 333,) allows a fee of five cents to the county auditor for each county order issued, but no fee can be claimed by him for canceling returned orders.

SAME.—The county auditor is allowed twenty-five cents for each certificate issued to purchasers of land sold for delinquent taxes; and this includes the seal of the board of commissioners, if it is required to be attached, and if it is not required, the fee cannot be increased by attaching it..

SAME—REPEAL.—Section 25 of the act of 1852, (1 G. & H. p. 252,) which made it the duty of the board of commissioners to make to the clerk, sheriff and auditor an annual compensation for extra services, not exceeding one hundred dollars each, was repealed by the act of 1855, (1 G. & H. p. 328.)

APPEAL from the *Porter* Circuit Court.

ELLIOTT, J.—*Fifield*, the appellant, presented a claim to the board of commissioners for services rendered the county as auditor, which is as follows :

" *Porter* County to *Z. B. Fifield*,                       Dr.
1.   January 18, 1868, to writing 25,750 words in register of school fund loans.................        $25  75
2.   January 18, 1868, to 6 days comparing school fund mortgages .......................        18  00
3.   January 18, 1868, to writing 43 letters to del. interest payers 25c......................       10  75
4.   Canceling 200 county orders 5c.............       10  00
5.   53 tax certificates and seals 75c...........       39  75
6.   Filing 293 vouchers and county orders 5c...      14  65
7.   133 certificates to treasurer 25c...........       33  25
8.   Recording 133 treasurers receipts and filing same, 10c...............................       13  30
9.   133 quietuses for treasurer's receipts 5c.....        6  65
10.   133 vouchers to treas. certificate, and filing same, 10c...............................       13  30
11.   Filing 2,765 assessor's blanks 3½c...........       96  78

                                                        $282  18
                          Cr.
By 25c on tax certificates.....................       13  25

        Balance..............................$268  93"

The commissioners refused to allow any part of the claim and the appellant appealed to the Circuit Court, where also there was a finding and judgment against him.

It is conceded that items 1, 2, 3, 7, 8, 9 and 10, relate exclusively to the school funds of the county. It is provided by section 107 of the school law of 1865 (Acts 1865, p.

25,) that "county auditors shall receive for their services in managing the school funds, the two per cent. damages accruing on all sales for non-payment of loans; two per cent. on all loans on which the mortgaged premises are advertised for sale and not sold, and four per cent. on all disbursements of interest; and the county treasurer shall receive one per cent. on all disbursements of interest, and one per cent. on the amount of school tax disbursed; and the sum of said per cent. on disbursements, thus ascertained, shall be paid in the same manner, and out of the same revenue, as other services of said officers are paid." No particular service is here referred to, which is intended to be compensated by the per cent. provided for, and we think the only construction that can fairly be given to the language used is, that it was intended thereby to compensate the auditor for all services of every kind rendered by him, and chargeable to the county, in the care and management of the school funds.

The items of the account referred to are claimed under section 8 of the act of 1855, regulating the fees of officers, &c. 1 G. & H. 333. That section contains a table of the fees, under appropriate heads, allowed to county auditors for their various services, and it is claimed by the appellant that the per centage allowed to auditors by the act of 1865, for managing the school funds, was intended to be in addition to the specific fees allowed by the act of 1855, as a compensation for the responsibility and care imposed on them in conducting that fund. We see nothing in the act to warrant such a conclusion. On the contrary, we think it was the evident intention of the legislature, not to provide double compensation for the same services, but to definitely fix the compensation that should be allowed to auditors for "managing the school fund," and thereby to protect both the county and the fund from unreasonable charges. It is declared by the repealing clause of the act of 1865, that "all laws heretofore enacted on the subject of common

schools, and all other laws and parts of laws in conflict with this act, are hereby repealed."

This repealing clause, taken in connection with the provision of section 107, that " county auditors *shall receive for their services in managing the school funds,*" the per centage thereby provided for, must be held to repeal so much of section 8 of the act of 1855, as gives to auditors specific fees for services, to be paid by the counties, in connection with their management of that fund. It may be further remarked, that items two and three of the appellant's account are not even justified by the act of 1855.

The fourth, fifth and sixth items do not relate to the school funds. The evidence, which is in the record, shows that the fourth item is claimed for marking county orders, " canceled," when returned to the auditor by the treasurer on settlement, before filing them away for preservation. The act of 1855 allows five cents for filing each paper, " *except county orders* and papers returned by township assessors." It allows the auditor five cents for each county order. Nothing is allowed for filing it, nor can such a fee be claimed by naming it cancellation.

As to the fifth item, the appellant testified that the certificates referred to were issued to purchasers of land sold for delinquent taxes; that the form was furnished by the Auditor of State and required the seal of the board of commissioners, which he attached; that the commissioners allowed him twenty-five cents each for said certificates, which he credited on the account. The statute allows twenty-five cents each for such certificates, which includes the seal, if it is required to be attached, and if it is not required, the fee cannot be increased by attaching it.

The sixth item is " filing 293 vouchers and county orders, five cents each, $14.65. In reference to this item, the appellant testified that blank county orders were furnished him in a book with stubs on which he took the receipts of the persons to whom the orders were issued, and marked on the back of each receipt, " filed," and signed it; that these

stub receipts were filed away and preserved. The mode adopted may be a convenient one for preserving the evidence that such orders have been issued, but we are not aware of any law requiring it, nor is its necessity at all apparent. No compensation is provided for such a service; and where the service is not required, and no compensation provided for, it is certainly not in the power of the officer to increase his fees by such voluntary service.

The eleventh item is for filing the lists of property returned by assessors. This charge is directly in the face of the statute, which provides that the auditor shall be allowed five cents for filing each paper, "except county orders *and papers returned by township assessors,*" for which no fee is provided.

The twenty-fifth section of the act of 1852, providing for the organization of county boards, &c., (1 G. & H. 252) made it the duty of the board of commissioners to make to the clerk, sheriff and auditor, an annual compensation for extra services, not exceeding one hundred dollars each. And it is claimed by the appellant that he is entitled, under that section, to recover on a portion of the items of his account. The act of 1855 is a revision of the laws on the subject of officer's fees. It is entitled, "An act regulating the fees of officers, and repealing former acts in relation thereto;" and its concluding section declares that, "The act entitled 'an act regulating the fees of officers,' approved June 16, 1852, and all former laws in conflict with this act, or any part of it, be, and the same are hereby repealed."

The fifth section of this act provides for compensation to clerks and sheriffs for extra services, but no such provision is made in reference to auditors. In view of the object of the act, as expressed in the title, and of the comprehensive terms used in the repealing clause, we conclude that it repeals the 25th section of the act of 1852. See *Board of Commissioners* v. *Potts,* 10 Ind. 286. But if it were otherwise, still we do not think the items referred to can fairly

be called "extra services," within the meaning of the 25th section of the act of 1852.

The judgment is affirmed, with costs.

*T. J. Merrifield* and *W. H. Calkins*, for appellant.

*H. A. Gillett*, for appellee.