THE BOARD OF COMMISSIONERS OF MORGAN COUNTY *v.* JOHNSON.

COUNTY CLERK.—*Fees where Nolle Prosequi is Entered.*—A county is not liable to its clerk for fees taxed by him for services rendered in a criminal prosecution disposed of by a *nolle prosequi* being entered.

APPEAL from the Morgan Circuit Court.

The facts of the case, so far as it is necessary to state them to a proper understanding of the questions involved, are these:—

Johnson filed an itemized claim against Morgan county, before the board of county commissioners, amounting to $936.92, for fees claimed to be due to him as clerk of the Morgan circuit court, in criminal prosecutions in which the defendants were acquitted on trial, or the indictments and informations were disposed of by *nolle prosequi.* The commissioners refused to allow the claim, or any part of it, and Johnson appealed to the circuit court.

In the latter court a motion to dismiss for want of jurisdiction was overruled.

A demurrer to the claim was then filed, which was also overruled.

A general denial was filed, and the cause was submitted

to the court for trial. The court found as follows: "That there is due the plaintiff from the defendant for fees and services rendered by the plaintiff since the first of April, 1865, in State cases in which there was an acquittal, the sum of three hundred and forty dollars; for fees and services rendered by the plaintiff since the first of April 1865, in State cases which were disposed of by *nolle prosequi*, the sum of $718.75; and from these facts the court finds for the plaintiff and assesses his damages at the sum of one thousand and fifty-eight dollars and seventy-five cents."

A motion for judgment in favor of the appellant on the finding of the court was overruled. A motion for a new trial was interposed by the appellant, and overruled, and judgment was rendered on the finding. To all of which rulings proper exceptions were taken by the appellant.

ELLIOTT, J.—The appellee having entered a *remittitur* for three hundred and forty dollars, the amount found for costs in cases of acquittal, since the case was appealed to this court, the only question for our consideration is, is the county liable to the clerk for fees taxed by him for services rendered in a criminal prosecution in which a *nolle prosequi* is entered and the case thereby disposed of?

As there seems to be some confusion in some of the previous adjudications on this subject, a review of the legislative enactments may serve to present the question in a proper light. Reference is made in argument to the twenty-fifth section of the act of 1852, providing for the organization of county boards, &c., (1 Rev. Stat. 229) authorizing the board of commissioners to allow the clerk a compensation for extra services; but as it has been held, and we think correctly, that that section was repealed by the act of 1855, "regulating the fees of officers and repealing former acts in relation thereto" (1 G. & H. 328), we need not discuss its provisions. *The Board of Com'rs of Vermillion Co. v. Potts,* 10 Ind. 286; *Fifield v. The Board of Com'rs of Porter Co.,* 29 Ind. 593.

The fifth section of the act of 1855, regulating the fees of officers, &c., (1 G. & H. 331) contains this provision: "Clerks and sheriffs shall be entitled to receive such reasonable allowance for extra services as the board of county commissioners may think right and proper, to be paid out of the county treasury." And the twenty-fifth section of the same act provides that, "in all criminal prosecutions, where the person accused shall be acquitted, no costs [shall be taxed] against such person, nor against the State or county, for any services rendered in such prosecution by any clerk, sheriff, coroner, justice of the peace, constable, or witness, but in all cases of conviction such fees and costs shall be taxed and collected as in other cases, from the person convicted."

Construing these sections together, as we must, it is evident that the words "extra services," as used in the fifth section of the act of 1855, was not intended to include the fees for services rendered in criminal prosecutions in which the accused might be acquitted. It is claimed that it was ruled otherwise in *The Board of Com'rs* v. *Potts, supra.* That was a claim presented by Potts, as sheriff. The nature of the items composing the claim does not appear, and the only questions decided were, that the act of 1855 repealed the provision in the act of 1852 limiting such allowances to one hundred dollars; and that an appeal would lie from the decision of the board of commissioners in such cases.

The twenty-fifth section of the act of 1855 is not alluded to in that case, and as it expressly prohibits the taxation of such fees to the county in cases of acquittal, we must suppose that the claim in that case was not made for such services, or, if so, that section twenty-five was overlooked.

An act was passed in 1861 (Acts 1861, p. 37), the first section of which provides, "that the board of county commissioners shall annually allow the clerk and sheriff of their respective counties an annual compensation for extra services as such, not exceeding one hundred dollars each; but no such allowance shall be made to either of those of-

ficers until he shall have filed a detailed statement of his charges, with items and dates, and taken and subscribed an oath or affirmation to the truth thereof. The board may then make such reasonable allowance as they deem proper, but in no event to exceed the sum above named; which allowance shall be in full of all compensation for extra and other services where no certain fee is fixed by law."

The fifth section of the act of 1855 relates exclusively to sheriff's fees, except the clause in relation to allowances for extra services, which, as we have seen, includes clerks.

In 1865 an act was passed amending the fifth section of the act of 1855. The only change made by the amendatory act is in reference to the compensation allowed for certain specific services of sheriffs and the addition of a single item. The clause in relation to extra services is re-enacted as it stood in the act of 1855, without any change whatever. The act of 1865 contains no repealing clause, and only repeals the act of 1861 so far as they are in conflict, by implication.

The only conflict which need be noticed here is that in relation to the amount that may be allowed for extra services, which by the act of 1861 is limited to one hundred dollars, whilst by the act of 1865 it is required to be such reasonable allowance as the board of commissioners may think right and proper. Neither of the acts referred to, passed since the act of 1855, repeals the twenty-fifth section of that act, nor is either of them in conflict with it. Whilst, then, the act of 1865, contains a re-enactment of the clause of the fifth section of the act of 1855, it must still be construed in connection with the twenty-fifth section of the latter act; and hence the words "extra services" cannot include fees in criminal prosecutions in cases of acquittal. But it is insisted that the word "acquitted," as used in the twenty-fifth section of the act of 1855, cannot include cases in which the accused are discharged upon a failure to prosecute.

Webster defines "acquitted" thus: "set free, or judicially

discharged from an accusation, released from a debt, duty, obligation, charge, or suspicion of guilt." So that when a *nolle prosequi* is entered and the defendant discharged, he is acquitted of the prosecution. The proper judgment in such cases is, that the "defendant go hence acquit," &c. And we think it very clear that such is the sense in which the word is used in the act.

The words "extra services" were intended to cover such services as might be required of. the clerk or sheriff officially, for the county or public, and for which no compensation is provided by law.

The fees of these officers in criminal prosecutions are definitely fixed and provided for; but as in cases of acquittal the defendant is not liable, and as neither the state or county is required to pay the fees in such cases, they are lost. This is one of the burdens incident to those offices, and the officers take|the offices subject to them.

In these views we are fully sustained by the argument of PERKINS, J., in the case of *The Board of Com'rs of Miami Co. v. Blake,* 21 Ind. 32.

The claim of the appellee does not constitute a valid cause of action against the county.

The judgment is, therefore, reversed, with costs, and the cause remanded to the circuit court, with direction to dismiss the action.

*W. R. Harrison* and *W. S. Shirley,* for appellant.

*S. Claypool,* for appellee.