### DEARINGER *v.* RIDGEWAY.

COSTS.—*Draining Association.—Appeal from Appraisers.*—Where on an appeal to the court of common pleas from the proceedings of appraisers appointed under the act of March 11th, 1867, to enable the owners of wet lands to drain and reclaim them, &c. (Acts 1867, p. 186), the appellee recovers judgment, he is entitled to recover the costs in said court, though on such appeal the appellant has reduced the amount allowed against him by said appraisers five dollars or more.

APPEAL from Howard Common Pleas.

BUSKIRK, J.—This was a proceeding under an act entitled, "An act to enable the owners of wet lands to drain and reclaim them, where the same cannot be done without affecting the lands of others, prescribing the powers and duties of county boards and county auditors in the premises, and repealing all laws inconsistent therewith."   Approved, March 11th, 1867.   See Acts of 1867, p. 186.

The appellant filed a petition with the board of commissioners of Howard county, alleging that he was the owner of wet lands, and desired to have a ditch dug; that the said ditch would affect the lands of the appellee, and that he would be largely benefited thereby, and asked the court to appoint appraisers to assess the benefits that would result to the appellee by the digging of such ditch.   The board of commissioners appointed appraisers, who met, examined the premises, and found that the appellee would be benefited in the sum of two hundred dollars.

Dearinger *v.* Ridgeway.

The appellee appealed from the action of such appraisers to the court of common pleas of said county. In the court of common pleas the appellee filed an answer, to which the appellant replied. The cause was tried by a jury, who found that the appellee would be benefited in the sum of one hundred and twenty-five dollars. Judgment was rendered on the verdict. Upon the motion of the appellee, the court rendered judgment against the appellant for all the costs in the common pleas court, to which the appellant excepted, and he presents the question by bill of exceptions.

The action of the court in rendering judgment against the appellants for such costs is assigned for error in this court, and this is the only question presented by the record.

Costs are given or withheld by statute. *Smith* v. *The State*, 5 Ind. 541.

Section 396 of the code provides, that " in all civil actions the party recovering judgment shall recover costs, except in those cases in which a different provision is made by law." 2 G. & H. 225.

"In all civil cases the party recovering judgment shall recover costs, except in those cases where a different provision is made by statute." *Zimmerman* v. *Marchland,* 23 Ind. 474.

Section 70 of the act regulating the practice in justices' courts, and providing for appeals therefrom, reads as follows: " Costs shall follow judgment in the court of common pleas, or circuit court, on appeals, with the following exceptions: First. If either party against whom judgment has been rendered, appeal and reduce the judgment against him five dollars or more, he shall recover his costs in the court of common pleas or circuit court, when the appellant appeared before the justice." 2 G. & H. 597.

It is insisted by the appellee, that the case under consideration is governed by the above statute, and in support of this position he refers to the eleventh section of the act of 1867. Section eleven reads thus: " Any person aggrieved by the proceedings of the said appraisers, may appeal the same

to the court of common pleas of the county, upon giving bond, and within the time, as in cases of appeal from justices of the peace, except that said bond shall be filed with the clerk of said court." Acts of 1867, p. 188.

In our judgment, the position assumed by the appellee is wholly untenable. The only effect of section eleven is to give an appeal, and to prescribe the time within which the appeal shall be taken. The act does not provide that the proceeding shall be tried in the common pleas court by the rules and practice prevailing in the trial of causes appealed from the justice's court. But if it did so provide, it is very doubtful whether the ruling of the court in this case, in reference to the taxation of costs, could be sustained. The section above quoted, from the act regulating justices' courts, only gives costs to the appellant if he reduces the judgment five dollars or more, when he "appeared before the justice." In the case under consideration, the appellee had no right to appear, and did not appear, before the appraisers. The appellee also contends in argument that the taxation of costs by the court is right, for the reasons that the act under which these proceedings were had is unconstitutional and against natural right, and that the appellant was not entitled to recover any judgment against him. These important questions were not raised in the court below, by motion, demurrer, answer or motion for a new trial, and cannot be raised or considered in this court. The law presumes that the judgment was correct, until the contrary is shown in some mode known to our code of practice. The general rule is, as we have shown, that costs will follow the judgment; and the appellee has failed to show that this case comes within any of the exceptions prescribed by the statute. The court erred in the taxation of the costs.

The judgment is reversed with costs, and the cause is remanded, with directions to the court below to render judgment for the appellant for the costs that accrued in the common pleas court.

## ON PETITION FOR A REHEARING.

BUSKIRK, J.—The appellee has filed a petition for a rehearing in this case. We have re-examined the case, and given due consideration to the petition asking a rehearing. We are entirely satisfied with our decision and the grounds on which it was placed. The appellee insists that our ruling was incorrect, for the reason that it will cause him to pay the expenses mentioned in section eight of the drainage act. Our decision did not cover such expenses. The only point we decided was, that the appellant was, under the law, entitled to recover costs in the common pleas court.

The petition is overruled.

*J. W. Cooper* and *C. N. Pollard*, for appellant.

*J. W. Robinson*, for appellee.