J. W. Finney, Respondent, v. Sullivan County, Appellant.

1. *Registration, board of—Witnesses before, not entitled to fees.*—Persons summoned as witnesses before a board of registration held in a given county, under the registration act of 1866 (Gen. Stat. 1865, pp. 908-9, §§ 20, 27), are not entitled to payment of witness fees from the county. Said sections authorize no such payment, and the county cannot be held liable therefor without some express statute to that effect. The registration officers cannot bind the county as its agents by their act in summoning the witnesses. They are not agents of the county, but of the State. The county is no party to the proceeding.

*Appeal from Sullivan Circuit Court.*

*Eubanks & Butler*, for respondent.

Officers of registration, while discharging their duties as such, are invested with full power to compel the attendance of witnesses before them; and hence, by implication, the witnesses have a right to demand and recover compensation for their services as such. (Gen. Stat. 1865, p. 908, § 20.)

*G. D. Burgess*, for appellant.

CURRIER, Judge, delivered the opinion of the court.

This suit was brought to recover of Sullivan county (the defendant) the sum of $2.76 for services rendered by the plaintiff in 1866, in attending before the board of registration in that county as a witness. It is admitted that the services charged were rendered in obedience to the requirements of a subpœna duly issued by the board and served upon the plaintiff. There is no dispute about the facts. The single question presented is whether the county, under the circumstances, is legally bound to pay the claim.

As showing such obligation on the part of the county, the plaintiff's counsel refer to sections 20 and 27 of the registration act of 1866 (Gen. Stat. 1865, pp. 908–9). The twentieth section authorizes the registration board to "issue subpœnas, attachments and commitments," and directs their service by sheriffs and constables in the same manner as though issued by a judge of the Circuit Court. It is then provided that these officers shall receive the same fees for the service of such processes as are allowed by law for such services in State cases, and that the same shall be paid by the person against whom the process is issued, or out of the county treasury. The section makes no provision for the payment of witnesses from any source or fund whatever, or for their payment at all. It therefore makes no provision for their being paid by the county. Section 27 merely makes provision for the payment to the officers of registration of such expenses as may be incurred by them. As the plaintiff was not such officer, but a witness merely, there is nothing in this section to support the

claim preferred by him.    In a word, the law makes no provision
for the compensation of witnesses who are summoned to appear
before registration boards.    On what principle, then, is the
county to be held liable for these fees?    The registration officers
were appointed by the supervisor of registration, who was
appointed by the governor.    They were not the agents of the
county, nor was the county a party to the proceedings before the
board.    (See Kelley v. Andrew County, 43 Mo. 338.)    The
county cannot be made liable for the fees of witnesses summoned
to attend upon the registration officers, without some express
statute on that subject imposing the liability, and there is no such
statute.    (Rawley v. Commissioners of Vigo County, 2 Blackf.
355 ; Commissioners of Miami County v. Blake, 21 Ind. 32 ;
State v. Daily, 45 Mo. 156.)    The county of Sullivan is there-
fore not liable for the plaintiff's claim.

It is no new doctrine that citizens may be compelled by the
State to attend as witnesses in causes where the State is inter-
ested, without being compensated pecuniarily for their services.
"The king or any person suing to his use," says Blackstone,
"shall neither pay nor receive costs, for  *  *  as it is his pre-
rogative not to pay them to a subject, so it is beneath his dignity
to receive them."  (3 Blackst. 400.)  In Commissioners of Miami
County v. Blake, *supra*, the court say that " this principle, so far
as it applies to the payment of costs by the State, has been
adopted as a general principle of American law."  On the same
ground costs are never paid by the United States.  (United
States v. Buskin, 2 Wheat. 395.)  The plaintiff in the case
at bar was summoned to appear and testify in regard to a
matter of general public interest, and in a proceeding to which
the county was not a party.  He appeared at the command of
the State, and the State has made no provisions for compensat-
ing him for his trouble.  The law imposes no obligation upon the
county in respect to the matter ; and the judgment, which was for
the plaintiff, must be reversed.  The other judges concur.