Schlicht *v.* The State.

## SCHLICHT *v.* THE STATE.

LIQUOR LAW.—*Statute Construed.*—*Indictment.*—The words "for any pur-·pose of gain," as used in the 1st section of the act of March 17th, 1875, (1 R. S. 1876, p. 869,) regulating the sale of intoxicating liquors, do not modify the words "sell" or "barter," as used in other parts of said

act, and need not be averred in an indictment for selling or bartering in violation of the same.

SAME.—The 12th section of such act defines two distinct offences, viz., selling intoxicating liquor without a license, in a less quantity than a quart at a time,. or in any quantity, to be drank or suffered to be drank upon the premises where sold.

SAME.—*Sale of Whiskey.*—*Judicial Notice.*—The courts of this State take judicial notice of the fact that whiskey is an intoxicating liquor, and therefore an indictment for the unlawful sale of "spiritous liquor, commonly called whiskey," is sufficient, without an averment that the whiskey sold was intoxicating liquor.

SAME.—*Evidence.*—Proof of an unlawful sale of whiskey, on the trial of a defendant indicted for unlawfully selling "intoxicating liquor," is sufficient to support such averment of the indictment.

SAME.—*Costs on Conviction.*—On the conviction of a person charged with a crime, the fees of all witnesses obeying a subpœna to attend· the trial of such cause, issued on behalf of either the State or the defendant, must be taxed to the latter, whether such witnesses have been used or not.

SAME.—*New Trial.*—*Evidence.*—*Practice.*—*Supreme Court.*—Where the admission of illegal evidence is assigned as a cause for a new trial, such evidence must be clearly specified in the motion therefor; and, to be available as error on appeal to the Supreme Court, the record must show an objection and exception to the admission of the same.

SAME.—*Instruction to Jury.*—That "the court misdirected the jury in a material matter of law," assigned as cause in a motion for a new trial, is too vague to present any question for decision.

From the Ripley Circuit Court.

*G. Durbin* and *Z. T. Hazen*, for appellant.

*C. A. Buskirk*, Attorney General, for the State.

HOWK, J.—Appellant was indicted, at the February term, 1876, of the court below, for an alleged violation of section 12, of "An act to regulate and license the sale of spiritous, vinous and malt and other intoxicating liquors," etc., approved March 17th, 1875. 1 R. S. 1876, p. 869. The indictment charged that the appellant, on the 7th day of August, 1875, at Ripley county, Indiana, unlawfully sold one gill of spiritous liquor, commonly called whiskey, to one Job Caster, at and for the price of ten cents,—he, the appellant, "not then and there having a license so to do."

Appellant moved the court below to quash said indict-

ment, which motion was overruled, and appellant excepted. And, having been arraigned on said indictment, appellant's plea thereto was, that he was not guilty. The cause was tried by a jury, in the court below, and a verdict was returned, finding the appellant guilty as charged in the indictment, and assessing his fine at twenty dollars. And judgment was rendered upon the verdict, by the court below.

Appellant moved the court below to tax the costs, which motion was overruled, and appellant excepted. And the appellant moved said court, upon written causes filed, for a new trial, which motion was overruled, and appellant excepted. A bill of exceptions is properly in the record.

In this court, the appellant has assigned the following alleged errors of the court below, to wit:

1st. In overruling appellant's motion to quash the indictment;

2d. In overruling appellant's motion for a new trial; and,

3d. In overruling appellant's motion to tax costs.

In their argument of this cause, in this court, appellant's counsel insist, that the indictment does not charge any offence, because, they say, " there is no averment in the indictment, that the liquor was sold for any purpose of gain, nor that the liquor was sold to be drank," etc., " in the house of the defendant," etc. In other words, it is claimed by the appellant, that the words "for any purpose of gain," in the first section of the act to regulate and license the sale of liquors, etc., before referred to, qualify the words "sell" and "barter," not only as the same are used in said section, but also wherever the same may be found in other sections of said act.

We do not so construe the words referred to. In our opinion, it would be a forced construction of language, to hold that the words "for any purpose of gain" were intended to, or do, qualify the words "sell" or "barter,"

even when used in the same section, and much more so, when used in other sections of the act.

In the 12th section of the act of March 17th, 1875, before referred to, two separate and distinct offences are clearly defined. By the terms of this section, any person, not being licensed according to the provisions of said act, who shall sell or barter, directly or indirectly, any spiritous, vinous or malt liquors in a less quantity than a quart at a time, shall be deemed guilty of a misdemeanor; or any such person, who shall sell or barter any spiritous, vinous or malt liquors to be drank, or suffered to be drank, in his house, out-house, yard, garden, or the appurtenances thereto belonging, shall be deemed guilty of a misdemeanor, and the same punishment was provided, in said section, for each of said two misdemeanors. It will be observed, however, that, in the first of these two offences, it was the sale, without license, of a quantity less than a quart, which constitutes the offence, without any reference to the place where it may be drank, while, as to the second of said two offences, the quantity sold, whether a gill or a barrel, is wholly immaterial, but the offence lies chiefly in the place where it is drank or suffered to be drank.

In the case at bar, the offence charged was the unlawful sale of a quantity less than a quart, and in such a case, under the law, the place where it was drank was wholly immaterial.

Appellant also insists that the indictment was defective, because "there is no averment that the liquor was intoxicating." The liquor sold is described in the indictment as "spiritous liquor, commonly called whiskey." In the case of *Carmon* v. *The State*, 18 Ind. 450, it was held, that "the court, from its general knowledge, can judicially say that whiskey is an intoxicating liquor; and the jury might so find upon their general knowledge." And the case cited was approved and followed by this court, in the late case of *Eagan* v. *The State*, 53 Ind. 162. From these

authorities, our conclusion is, that it was sufficiently shown in the indictment in this case, that the liquor, charged to have been unlawfully sold by the appellant, was intoxicating.

We hold, therefore, that the court below committed no error in overruling appellant's motion to quash the indictment.

It was shown to the court below, by an affidavit filed and properly in the record, that three persons, giving their names, were summoned as witnesses for the State, in this cause, and were not examined as witnesses on the trial of the cause; that they were not summoned on behalf of the appellant, but that they had claimed their fees and mileage for their attendance as witnesses. On this affidavit, the appellant moved the court below, that the witness fees of said three persons should not be taxed against said appellant. This motion was overruled, and the appellant excepted, and this decision of the court below is assigned by the appellant, in this court, as alleged error.

Costs are given or withheld by statute. *Smith* v. *The State*, 5 Ind. 541, and *Dearinger* v. *Ridgeway*, 34 Ind. 54. It is provided by the 44th section of the fee and salary act of March 12th, 1875, as follows:

" Sec. 44. In all criminal cases where the person accused shall be acquitted, no costs shall be taxed against such person, nor against the State or county, for any services rendered in such prosecutions by any prosecuting or district attorney, clerk, sheriff, coroner, justice of the peace, constable or witness; but in all cases of conviction, such fees and costs shall be taxed and collected from the person convicted." 1 R. S. 1876, p. 479.

This is all the legislation of this State directly bearing upon the question we are now considering, and the only conclusion to be drawn therefrom is, that all costs and witness fees, in cases like the case at bar, shall be taxed and collected from the person convicted. This conclusion

may work injustice in some cases, and possibly in this case; but the remedy for such injustice, if any exists, lies with the legislature, and not with the courts. Appellant's motion for the taxation of costs in this case was correctly overruled.

Appellant assigned the following causes for a new trial, in his motion therefor, to wit:

1. The court admitted illegal testimony on the trial;

2. The court misdirected the jury in a material matter of law;

3. The verdict was contrary to law and not sustained by the evidence; and,

4. The court erred in overruling appellant's motion to tax costs.

The first cause for a new trial was too vague and indefinite to present any question for the consideration either of the court below or of this court. It should have pointed out, with reasonable certainty, the illegal testimony which had been admitted. And besides, the record fails to show that appellant objected or excepted to the admission of any evidence. The error is not in the record.

The second cause assigned for a new trial is objectionable, also, for its vagueness and uncertainty. The instructions given by the court below to the jury trying the cause are not to be found in the record; but if they were properly in the record, the cause assigned for a new trial, in this case, would be clearly bad for uncertainty, in this, that it fails to point out in what particulars the court misdirected the jury.

The third cause for a new trial was assigned by appellant, in proper form, and presents the question, for our consideration, as to whether or not the verdict of the jury, in this cause, was sustained by sufficient evidence. It is unnecessary, and would be unprofitable, we think, to set out the evidence at length in this opinion. We have, however, carefully examined and considered all the evidence in the record. The evidence introduced by the

State was clear, full, and strongly supported the charge in the indictment. And this evidence, we think, was corroborated to some extent by the evidence of the appellant, who testified as a witness on the trial of this cause. Our conclusion is, on this point, that the verdict of the jury was in accordance with law, and was sustained by sufficient evidence.

The fourth cause assigned for a new trial was the refusal of the court below to tax the costs of certain witnesses, as appellant had moved for. This cause appellant also assigned in this court as a separate error, and, as such, it has been fully considered.

In our opinion, the court below did not err in overruling appellant's motion for a new trial.

We find no error in the record.

The judgment of the court below is affirmed, at appellant's costs.