Henderson v. The State, ex rel. Baldwin, Attorney General.

Filed June 25, 1884.

No. 9759.

HENDERSON v. THE STATE, EX REL. BALDWIN, ATTORNEY GENERAL.

AUDITOR OF STATE'S FEES.—Public Officer.—Insurance Law of March 3d, 1877.—Duties of Auditor.—Statute Construed.—Fees are compensation given by law to public officers for official services rendered to individuals. The insurance law of March 3d, 1877, imposed the discharge of new and additional duties upon the auditor of state in relation to foreign insurance companies doing business in this State, and authorized such auditor to charge and collect, for his services in the discharge of such duties, certain new and additional fees; and as the law did not provide for the application of such fees, when imposed and collected, in any different way or to any different purpose, they became and were the property of the auditor of state.

SAME.—Act of March 24th, 1879.—Retroactive or Prospective Legislation. —Statutory Construction.—It is a maxim of the law that statutes must be construed prospectively, unless their language plainly imports a different intention on the part of the Legislature. The act of March 24th, 1879 (section 5627, R. S. 1881), which requires the auditor of state to pay into the state treasury a specified percentage of all fees by him collected in the insurance and land departments of his office, is not retroactive in its terms, but was manifestly intended to be prospective in its effect and operation.

COSTS.—Suit by State on Relation of State Officer.—Relator Chargeable with Costs.—Payment of Relator's Costs by State.—Where suit is brought by the State, on the relation of the attorney general or other state officer,

for the recovery of money or property claimed by the State, the relator is liable for costs, " and all costs taxed against such relator shall be paid by the State."

From the Johnson Circuit Court.

S. *Claypool*, W. A. *Ketcham*, G. W. *Grubbs*, ‚D. D. *Bantů*, W. R. *Harrison*, W. E. *McCord* and J. *Finch*, for appellant.

J. H. *Jordan*, D. P. *Baldwin*, F. T. *Hord*, Attorney General, A. C. *Harris*, and W. H. *Calkins*, for appellee.

Howk, C. J.—The appellant, Ebenezer Henderson, was the auditor of state for this State for two full terms of two years each, beginning on the 26th day of January, 1875, and ending with the 25th day of January, 1879. During his second term of office, to wit, on the third day of March, 1877, the General Assembly passed an act entitled "An act to amend section one of an act entitled 'An act regulating foreign insurance companies doing business in this State, prescribing the duties of the agents thereof, and of the auditor of state in connection therewith, and prescribing penalties for the violation of the provisions of this act,' approved December 21st, 1865, and adding supplemental sections thereto." By reason of an emergency declared in the body of the law, this act was in force from and after its passage. Section 3 of this act, being section 3773, R. S. 1881, reads as follows:

" When, by the laws of any other State, any taxes, fines, penalties, licenses, fees, deposits of money or securities, or other obligations or prohibitions are imposed upon insurance companies of this or other States, or their agents, greater than are required by the laws of this State, then the same obligations and prohibitions, of whatever kind, shall, in like manner for like purposes, be imposed upon all insurance companies of such States and their agents. All insurance companies of other Nations, under this section, shall be held as of the State where they have elected to make their deposit and establish their principal agency in the United States."

After this section became in force, on March 3d, 1877, un-

der and by force of its provisions, the appellant, Henderson, as auditor of state, imposed and collected upon and from insurance companies of other states, or their agents in this State, fees "greater than are required by the laws of this State," the excess thus imposed and collected amounting in the aggregate to the sum of $14,412. The question for decision in this case, and the only question, is this: To whom did the fees thus collected belong? The appellant's counsel insist, that the fees imposed and collected by the appellant, under the provisions of section 3773 above quoted, were a part of the emoluments of his office, and that he collected and retained them, because the law gave them to him in part compensation for his services as auditor of state. On behalf of the State, it is urged by the attorney general and his associate counsel, that the fees in question were collected by the appellant for the State, because the law required him to collect them for the State, and did not give them to him as emoluments of his office.

In considering the question presented for decision, it will be observed that section 3773, supra, is not an amendment of any prior law of this State. It is supplemental to the act of December 21st, 1865, regulating foreign insurance companies doing business in this State, and none of its provisions are to be found in any previous law. It is to be construed and interpreted, therefore, as if it were an original enactment, in connection with the other supplemental section. It may be well, however, before proceeding to the examination of the new legislation of March 3d, 1877, to notice briefly the prior statutes of this State in relation to foreign insurance companies.

The first statutory provisions of this State, concerning foreign insurance companies and their agents, were contained in section 56 of the act of June 17th, 1852, "for the incorporation of insurance companies, defining their powers, and prescribing their duties." 1 G. & H. 397. This section 56 was amended by an act approved March 2d, 1855. 1 G. & H. 398. Both the original and amended sections were declared,

by this court, to be unconstitutional and void.    *Igoe* v. *State,* 14 Ind. 239; *Grubbs* v. *State,* 24 Ind. 295.    The case last cited was decided at the May term, 1865, of this court.

On December 21st, 1865, an original act was approved, entitled "An act, regulating foreign insurance companies, doing business in this State; prescribing the duties of the agents thereof, and of the auditor of state in connection therewith, and providing penalties for the violation of provisions of this act." This act may be said to be the first valid legislation of this State regulating foreign insurance companies as such; and, except as amended, it is still the law.    In section 3 of this act it was originally provided as follows:    "The auditor of state shall be entitled to five dollars in each case, for the examination of the statement, and investigation of the evidences of investment, and two dollars for each certificate of authority, issued under the provisions of this act, to be paid by the agent or agents applying for the same." Acts 1865, Spec. Sess., p. 107.

This section 3 remained in force until August 24th, 1875, when, by an act approved March 12th, 1875, it was amended so as to provide that "The auditor of state shall charge and collect, for the State of Indiana," the same fees mentioned in the original section; that on certain named days in each year he shall "make to the treasurer of state a sworn statement of," *inter alia,* "the entire receipts therefor since his last report; and shall pay over to the treasurer, to go into the general fund of the State, the entire amount of such receipts, less twenty-five per cent. thereon, which he may retain for his services in collecting the same." This amended section 3 is still in force, being section 3767, R. S. 1881.

The next legislation of this State, concerning foreign insurance companies, is the act of March 3d, 1877, first referred to in this opinion.    We have said that the two supplemental sections of this act were not amendatory, but original legislation.    By the first of these sections, being section 2 of the act and section 3772, R. S. 1881, new duties were imposed and new powers conferred upon the auditor of state in rela-

tion to foreign insurance companies doing business in this State. So, also, in section 3773, above quoted, new and important duties are imposed upon the auditor of state in regulating the business of foreign insurance companies and their agents in this State. In section 3772 it is provided: "*Fifth.* The expense of all examinations, entries, and publications, as in this section provided, shall be paid by the company." But, for the payment of all other expenses incident to the proper discharge of his new duties, and for a compensation for his services in the premises, the auditor of state could look alone to the new and additional fees, which, under section 3773, he was authorized to impose upon, and collect from, the insurance companies of certain States, and their agents.

This brings us to the consideration of the question already stated in this opinion. To whom, under the law, did the new and additional fees belong, which were imposed and collected by the appellant during his second term of office? The word fee, as incident to an office, means a reward or compensation paid to the holder of an office, which he is entitled by law to impose and collect for an official service. Fees are compensation given by law to public officers for official services rendered to individuals. *Musser* v. *Good,* 11 Serg. & R. 247; *Tillman* v. *Wood,* 58 Ala. 578. See, also, *Wallace* v. *Board, etc.,* 37 Ind. 383; *Fulk* v. *Board, etc.,* 46 Ind. 150.

Whenever the General Assembly authorizes by new legislation the imposition and collection by a public officer of new and additional fees for the discharge of new and additional duties, we are of opinion that such fees, *ex vi termini,* when imposed and collected, belong to and are the property of such public officer, *unless* the law-making power has clearly indicated, in such legislation, that such fees shall be applied in a different way, or to a different purpose. That is, in such a case, no prior legislation would affect or control the appropriation of such fees by such public officer to his own use and purpose. In the case in hand, we do not doubt that the new and additional fees, imposed and collected by the appellant

as auditor of state, under the provisions of section 3773, and in controversy herein, belonged to him of right, and were his sole and separate property. We are strengthened and confirmed in this opinion by the action of the General Assembly in the passage of an act entitled, "An act prescribing certain duties of the auditor of state," approved March 24th, 1879. By virtue of an emergency declared, this act was in force from and after the date of its approval, which was about two months after the expiration of the appellant's second term of office as auditor of state. The act contains a single section, being section 5627, R. S. 1881, and reads as follows :

"It shall be the duty of the auditor of state to pay into the state treasury seventy-five per centum of all fees by him collected under the provisions of the third section of the act of March 3d, 1877 (section 3773), and of all other fees whatever collected by him, on account of services rendered in the insurance department and in the land department of his office. Said auditor of state shall be entitled to retain, for his services in collecting such fees, the sum of twenty-five per cent. thereon, and no more."

In the language of this act and of its title, there is a clear recognition by the Legislature of the fact that it was not the duty of the auditor of state, before the passage of such act, to account for and pay into the state treasury the whole or any part of the fees collected by him, under the provisions of section 3773, or in the land department of his office. In other words, the passage of such act was a virtual concession of the fact, on the part of the law-making power of the State, that, before that time, the auditor of state was entitled of right to all the fees imposed and collected by him under section 3773, and to all the fees collected by him in the land department of his office. Further than this, the act of March 24th, 1879, section 5627, above quoted, is not retroactive in its terms, but was manifestly intended to be prospective in its effect and operation. It is a maxim of the law that statutes must be construed prospectively, unless they plainly import a different

intention on the part of the Legislature. *Pritchard* v. *Spencer*, 2 Ind. 486; *Hopkins* v. *Jones*, 22 Ind. 310; *Dale* v. *Frisbie*, 59 Ind. 530. We express no opinion in regard to section 5627, further than to say that it was not retroactive; we have referred to it in this opinion only for the purpose of argument.

Our conclusion is that the State has no valid or legal claim against the appellant, Ebenezer Henderson, for or on account of the whole or any part of the fees collected by him as auditor of state, under section 3773, *supra,* or of the fees collected by him, as such auditor, in the land department of his office. No other claim or demand is asserted against the appellant in either of the four paragraphs of appellee's complaint, or in the bill of particulars filed therewith in this action. The appellant's demurrers to each of the paragraphs of complaint, for the alleged insufficiency of the facts therein to constitute a cause of action, were overruled by the court, and these rulings the appellant has assigned here as errors. For the reasons given we are of opinion that these errors are well assigned, and that the court ought to have sustained the appellant's demurrers to each and all of the paragraphs of appellee's complaint.

This conclusion renders it unnecessary for us to consider or decide any of the questions arising under the alleged error of the court in overruling the motion for a new trial.

The judgment is reversed, with costs, and the cause is remanded, with instructions to sustain the demurrers to each paragraph of complaint, and for further proceedings not inconsistent with this opinion.

Filed Jan. 8, 1884.

## ON PETITION FOR A REHEARING.

HOWK, J.—On the 8th day of January, 1884, the judgment below in this cause was reversed by this court at the costs of the appellee's relator, the attorney general of the State at the time the suit was commenced. Since then, an earnest petition has been filed, by and on behalf of the at-

torney general, wherein we are asked to set aside our judgment against him for costs. The point is made that "the State is not liable for costs, and when the State institutes an action, on the relation of the attorney general or other public officer, such officer is not liable for costs, unless the statute so expressly provides." It is doubtless true, as a general rule, that the State is not liable for costs, and especially so in criminal causes, which are prosecuted by and in the name of the State. "Costs are given or withheld by statute. *Smith* v. *State*, 5 Ind. 541, and *Dearinger* v. *Ridgeway*, 34 Ind. 54." *Schlicht* v. *State*, 56 Ind. 173.

Section 593, R. S. 1881, of the civil code, provides as follows: "Relators, and persons and corporations for whose use an action is brought, whether such use is shown by the pleadings of the plaintiff or defendant, shall be liable for costs jointly with the actual parties to the action; but when the State is plaintiff, the relator only shall be liable, and judgment for costs shall be rendered accordingly." Literally construed, and giving the words used "their plain, or ordinary and usual sense," as required by the *first* rule for the construction of statutes (section 240, R. S. 1881), there can be no doubt, we think, that the section quoted fully authorized and warranted our judgment against the relator for costs in this cause. It is said, however, by the attorney general that "this section of the statute applies to cases where the relator is the party in interest, and does not apply to a relator acting for and on behalf of the State." It is claimed that this court has decided that, in such cases, the relator is not liable for costs; and, in support of this claim, appellee's counsel cite the case of *State, ex rel.,* v. *Board, etc.,* 85 Ind. 489. It can hardly be said that the opinion in that case affords very much, if any, support to the claim of the appellee in the case in hand. In the case cited, it is said: "The question of costs is one over which the courts in many cases have a discretion, and this being a case in which the State

was practically the plaintiff, and one of its subordinate municipal corporations was defendant, involving questions concerning the custody and control of public funds, we do not feel at liberty to say that the court erred in refusing to render judgment against the relator for costs." This is all that was said by the court, in that case, upon the point now under consideration, and we do not regard it as decisive of the question.

If the ultimate payment of the costs taxed against the relator, in such a case as the one at bar, fell upon him person-ally out of his own private means, there would be much force in his claim, that he should not be held liable for such costs, notwithstanding the plain provisions of section 593 above quoted. It is provided, however, in section 5585, R. S. 1881, in force since May 6th, 1853, that "For breach of the condition of any official bond, by which the State is injured, the Governor shall direct suit to be brought, upon his own relation, unless otherwise provided by law; and all costs taxed against such relator shall be paid by the State." This section of the statute has never been expressly repealed, but its provisions are still in full force, except that all suits therein provided for, under the provisions of section 5668, R. S. 1881, in force since March 10th, 1873, must be brought upon the responsibility of the attorney general, and upon his relation. Liberally construing the provisions of section 5885 in connection with section 593, above quoted, as we think we ought to do, we reach the conclusion that our judgment against the attorney general, as relator, for costs in this cause, is right and ought not to be modified or set aside, but that in the language of the statute, "all costs taxed against such relator shall be paid by the State."

The petition is overruled, with costs.

Filed June 25, 1884.