Wallace *v.* The Board of Commissioners of Marion County.

*W. S. Ballenger*, for appellees.

------------◆------------

WALLACE *v.* THE BOARD OF COMMISSIONERS OF MARION COUNTY.

STATUTE.—*Constitutionality.*—*Fees and Salaries.*—The act known as the "Fee and Salary Law," Acts 1871, p. 25, is not, as an entire act, invalid.

SAME.—*Payment of Fees into County Treasury.*—The members of the court were equally divided in opinion as to the constitutionality of that portion of the law which requires the clerk and sheriff to pay over their fees to the county treasurer.

APPEAL from the Marion Common Pleas.

DOWNEY, J.—The appellant filed his complaint in the common pleas against the appellee, alleging, in substance, that he was clerk of the Marion Circuit Court, and as such, since

the taking effect of the act of the General Assembly of this State of Indiana, entitled "An act regulating the fees, salaries, and duties of certain officers therein named, and prescribing penalties for the violation of its provisions," approved February 21st, 1871, Acts of 1871 p. 25, he had collected fees and charges pertaining to his said office in the sum of one hundred dollars; that the defendant had demanded and required of him that he should pay the same into the county treasury, and threatened that if he did not do so the defendant would cause him to be prosecuted for embezzlement; that to avoid said prosecution, protesting at the same time against the legality of the demand, he had paid the same, under an agreement that it should not be regarded as a voluntary payment; that he afterward demanded the repayment of the money, which was refused.

The defendant voluntarily appeared to the action and demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. This demurrer was sustained by the court, the plaintiff excepted, and, after final judgment for the defendant, appealed to this court. He here assigns for error the sustaining of the demurrer to the complaint.

At the last term of this court, the judges were equally divided with reference to the opinion which they should give in the case, and being still equally divided in opinion, each of them is required to give "his written opinion of each point in the case arising upon the record." The case is one, as will be seen, which involves the validity of part or of the whole of the act, the title to which is above recited, and which is commonly known as the "Fee and Salary Law."

We all agree that none of the objections urged against the law, as a whole, can be sustained; that the entire act is not invalid on account of any objection urged against it.

The questions arising in the case grow out of the following sections of the act:

"Sec. 19. The clerk shall tax and keep an accurate ac-

Wallace *v.* The Board of Commissioners of Marion County.

count, in proper fee-books, of all fees and charges, as required by this act, or other laws of the State, for any and all services performed by himself or his deputy, or performed by the sheriff or his deputies, and returned to him. And it shall be the further duty of the clerk to make an index to the several records, order books, and dockets of his office, plainly referring to the entries therein for which he may charge in each cause, and all the entries, orders, and proceedings pertaining thereto upon all the records, order books, and dockets, a single fee not exceeding twenty-five cents. And it shall be the further duty of such clerk to keep a cash book, in which he shall enter, consecutively and as received, each sum of money by him received, with the date of such receipt, with a brief mention of the cause or matter in which it was received, which book so kept shall remain at all times at his office for inspection.

"Sec. 20. The clerk and sheriff of each county shall, on the first Mondays in December, March, June, and October in each year, pay over to the county treasurer all moneys received by them for fees or charges for official services during the preceding three months, taking the treasurer's receipt therefor, which receipt shall designate the character of the payments, the time for which it was paid; and such receipt they shall file with the auditor of the county, who shall register the same, and execute therefor a quietus to them, and the sums so paid by such clerk and sheriff to the treasurer shall be by him and the auditor kept as a distinct fund, to be known as county officers' fund: *Provided*, If there shall be a surplus of the same at the end of any year, after paying the salaries herein provided for, the board of commissioners may transfer the same to and merge the same in the county revenue fund. And the said clerk and sheriff shall also, on the first Mondays of December, March, June, and October, in each year, pay to the treasurer all fines, forfeitures, docket fees, jury fees, unclaimed witness fees, and all other moneys belonging to the school fund, take his re-

ceipt therefor, file the same with the auditor, and take his quietus for the same; and upon failure of said clerk and sheriff so to do, the party so offending shall be fined in any sum not less than five dollars.

"Sec. 24. The clerk of the circuit court and sheriff in each county in this State shall receive the sum of fifteen hundred dollars annually for their services in discharging the duties of clerk of the circuit court and common pleas courts and sheriff of the county, and all other duties pertaining to their office, and no more, except as hereinafter provided in this act.

"Sec. 25. There shall be allowed to each clerk of the circuit court of each county and sheriff, for the pay of deputies, when the population of the county exceeds ten thousand, the sum of one hundred dollars for each one thousand inhabitants, or fraction thereof over five hundred, over ten thousand in each county. Said clerks and sheriffs shall, in addition to the above, be allowed a commission of twenty per cent. of all his own costs by him taxed, and which may be collected and paid to the treasurer, as in this act provided; and in counties where criminal or superior courts shall be established such clerk and sheriff shall each be entitled to the further sum of nine hundred dollars per annum for deputies in each of such courts, to be allowed and paid to them as their other salaries are paid."

The first position assumed by the appellant is that it is an unauthorized tax on the administration of justice, to require the clerk and sheriff to pay over to the treasurer the fees charged by them to constitute a "county officers' fund," out of which their salaries and hire of deputies are to be paid, for the reason that the surplus, if any, may be by the commissioners ordered to be paid into the "county revenue fund." It is not contended that fees may not be charged to litigants, for the services rendered by the clerk and sheriff; but it is insisted that all the money so charged and collected must remain in the hands of such officers, as has been the case under former fee laws; and that the possibility that in

some counties there may be a surplus, after paying such salaries and deputy hire, which may find its way into the common treasury, renders the nineteenth and twentieth sections of the act invalid, on account of their repugnancy to the constitution of the State. Had the legislature made the tariff of fees just as it did in this act, and allowed all the fees collected to remain in the hands of the officers, it seems not to be contended that it would have been unduly taxing litigation or litigants, or the administration of justice. But because the legislature could not arrange the tariff of fees so as to produce exactly the sum allowed for salary and deputy hire, and provided that any such surplus, if any there should be, should go into the common fund, it is claimed that this renders this part of the act unconstitutional and void. I think otherwise. If litigation were made to pay its own expenses, this possible surplus would be but as a drop in the bucket compared with the amount paid out of the common treasury for its support. How can it be known that there will be in Marion county any surplus after paying the salaries and deputy hire allowed by law? If there shall not be, then there is no tax on litigants, or on the administration of justice, beyond a sum sufficient to pay the clerk and sheriff, leaving all other expenses of the courts to be defrayed out of the common fund.

But it is further contended by the appellant that sections 24 and 25, which fix the salary of the clerk and sheriff and the amount for deputy hire, are unconstitutional and invalid. Exactly what objection is urged to section 24, I do not know. Section 25 is condemned on account of its manner of graduating the amount allowed for deputy hire. I believe it is contended that the salary and pay of deputies must be of uniform amount throughout the State; that a clerk or a sheriff in a small county must, for the sake of uniformity, have as much as a clerk or sheriff of a large county for salary and hire of deputies. It is not contended that the clerk and sheriff may not be paid by a salary, but it is claimed that the constitution of the State is violated by the manner of

graduating the pay according to population. I have not been able to see any valid objection to these sections.

I think the judgment should be affirmed.

BUSKIRK, J.—I concur in the views expressed by my brother, DOWNEY.

WORDEN, C. J.—I am of opinion that the complaint in this cause was good, and that the demurrer thereto should have been overruled; and, therefore, that the judgment should be reversed.

I think that the act regulating fees and salaries, etc., approved February 21st, 1871 (Acts 1871, p. 25), may be upheld so far as it fixes the fees of clerks and sheriffs. But I am of opinion that so much of the act as requires those officers to pay over to the county treasurer the fees, or any part thereof, received by them respectively for services by them performed as officers of courts of justice, is in conflict with section 12 of the first article of the constitution of the State. Under that provision of the constitution, justice is to be administered "freely, and without purchase." And while it may be that litigants can be required to pay docket fees, or otherwise contribute to the support of the judiciary in such manner as might be provided for by law, it is clear to my mind that they cannot be required, through the medium of clerks and sheriffs, nominally as for their fees, to put money into the county treasury which may be used for general purposes, and as the condition upon which justice can be administered to the litigating parties by the courts of the State.

PETTIT, J.—I fully concur in the opinion of the Chief Justice, above expressed; but I add another reason why the law is unconstitutional, so far as it attempts to make a salary for the clerk and sheriff, which must necessarily be local or special, as it violates section 22 of article 4 of the state constitution, which forbids the passage of local or special laws, etc., "in relation to fees or salaries." The clerks and sheriffs,

under this law, would have different salaries in different counties, when a general law could be passed to make them equal and general, and its provisions violate the 23d section of the article above referred to, which is:

"Sec. 23. In all the cases enumerated in the preceding section, and in all other cases where a general law can be made applicable, all laws shall be general, and of uniform operation throughout the State."

*N. B. Taylor, E. Taylor, T. A. Hendricks, O. B. Hord,* and *A. W. Hendricks,* for appellant.

*L. Barbour, C. P. Jacobs,* and *C. W. Smith,* for appellee.