FULK *v.* THE BOARD OF COMMISSIONERS OF MONROE COUNTY.

CONSTITUTIONAL LAW.—*Fee and Salary Act of* 1871.—The fee and salary act of 1871, Acts 1871, p. 25, is not unconstitutional because it makes the salary of the sheriff payable out of the fund denominated therein the county officers' fund, or because the amount of said fund may be less than the amount of salary and deputy hire on account of the deficiency of the fund or of the amount paid in by the sheriff; but said act violates section 22, of article 4 of the constitution, by making the salaries of sheriffs ununiform. Under said act, therefore, the sheriff is not a salaried officer.

SAME.—*Payment of Fees into Treasury by Sheriff.*—The provision of the fee and salary act of 1871, Acts 1871, p. 25, requiring the sheriff to pay his fees into the county treasury is unconstitutional. The fees when collected by the sheriff are his own.

From the Monroe Circuit Court.

*Claypool & Chapin, R. A. Fulk, W. A. Foland, Buskirk & Norton,* and *J. H. Louden,* for appellant.

*E. K. Millen,* for appellee.

OSBORN, J.—This was an action by the appellant against the appellee, to recover a balance claimed to be due him for his salary and deputy hire as sheriff of Monroe County, under the fee and salary act of 1871, Acts 1871, p. 25.

The averments in the complaint show that the appellant was sheriff of the county of Monroe from November, 1870, until November, 1872, and that he was acting under the act before mentioned from the time it took effect until the expiration of his term of office; that he had complied with all the provisions and requirements of the act as such sheriff; that the population of the county was fourteen thousand; that he had kept a deputy, at the rate of four hundred dollars per year, and that the whole amount due him for his sal-

Fulk *v.* The Board of Commissioners of Monroe Co.

ary and deputy hire during that period was three thousand two hundred and thirty-two dollars and sixty-five cents. It also appears that the amount of fees and charges collected by him and paid into the county treasury, after deducting the twenty per cent. commission allowed by the act, was one thousand seven hundred and sixty-four dollars and seventy-nine cents ; that the county commissioners allowed him the sum of one thousand seven hundred and sixty-four dollars and seventy-nine cents, and refused to make him any further allowance. He claims the sum of one thousand four hundred and sixty-seven dollars and eighty-six cents, the balance of his salary and deputy hire. A proper demand and refusal are averred in the complaint.

To this complaint the defendant demurred, upon the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained ; the appellant excepted, refused to amend, and final judment was rendered against him. This ruling is the only error assigned.

The act fixed the amount which the sheriff was entitled to collect as fees and the time and manner of collecting such fees. It also required him to pay all fees collected by him into the county treasury. It provided that he should be allowed the sum of fifteen hundred dollars annually for his services as such sheriff, and when the population of his county exceeded ten thousand, the sum of one hundred dollars for each one thousand inhabitants or fraction thereof over five hundred, over ten thousand, and in addition thereto a commission of twenty per cent. of all his own costs collected and paid to the treasurer, as in the act provided. The money paid into the treasury was required to be kept as a distinct fund, with other moneys, paid for the same purpose, to be known as the county officers' fund. By section 30, it was provided that the board of commissioners should, at each of their regular sessions, allow the clerk, sheriff, auditor, and treasurer one-fourth of their salary, and one-fourth of the deputy hire, payable out of the county officers' fund, if the same should be sufficient therefor. But it was also

expressly provided that such allowances to the sheriff and clerk should in no case exceed the amount paid into the treasury by such clerk and sheriff, with certain exceptions, which are not material to this case and need not be noticed.

It is claimed by the appellant that, under the law, the sheriff was entitled to the full amount of fifteen hundred dollars as salary, and four hundred dollars for deputy hire, without regard to the county officers' fund, or the amount contributed to that fund by him, and that so much of the act as made the sum payable out of that fund, and limited the amount to which he was entitled to the amount paid in by him, is unconstitutional.

The only authority which the county commissioners had for making any allowance was derived from the provisions of the law in question. The salary is allowed and the commissioners authorized to make the appropriation to pay it out of the county officers' fund, under the conditions and limitations specified in the act. No authority is given to the board to make the allowance payable out of the county treasury or any other than the fund mentioned. The provision of the law is not unconstitutional because it makes the officers' salary payable out of the particular fund, or because the amount may be less than the full amount of his salary and deputy hire, on account of the deficiency of the fund or the amount contributed by him.

The reasons urged might have some weight in determining the constitutionality of so much of the act as required the sheriff to pay his fees into the county treasury. That question was before this court in *Wallace* v. *The Board of Commissioners of Marion County*, 37 Ind. 383. The members of the court, as it was then constituted, were equally divided on that question. DOWNEY and BUSKIRK, JJ., holding the provision constitutional, whilst WORDEN, C. J., and PETTIT, J., held it to be unconstitutional. The majority of the court now concur in the opinion of WORDEN, C. J., in that case, and hold that the provision of the law requiring

the sheriff to pay his fees into the county treasury is uncon-stitutional.

In addition to the reasons given in that opinion, we think it may be urged, that whilst the act purports to fix the salaries of the sheriffs, it fails to make them uniform and violates section 22, article 4, of the constitution of the State. The amount may be fifteen hundred dollars, and it may be less. It is uncertain what it will be. It depends entirely upon the amount collected. He cannot take from the fund as salary more than he pays in as fees. If fees are not collected, the officer gets no salary. In form, he is paid by a salary, but in reality it is by fees only. In our opinion, the act fails to fix a salary for the sheriff within the meaning of the section of the constitution above referred to, and that he is not a salaried officer. The fees when collected are his, and he is not bound to pay them into the county treasury.

In the case under consideration, the averments in the complaint show that the appellant has received from the county all that he had paid into its treasury.

The judgment of the said Monroe Circuit Court is affirmed, with costs.