MANNING *v.* KLIPPEL.

CLERK'S AND SHERIFF'S COMPENSATION—LOCAL AND SPECIAL LAW VOID.

An act of the legislature, approved October 25, 1880, entitled "An act to provide the compensation of the sheriffs and clerks," of the fourteen counties named in the act, and also "to provide for the payment to said counties of fixed sums of money for the performance of said services by the sheriffs and clerks of said counties," provided annual salaries for the said sheriffs and clerks, and established a table of fees for services performed by said officers for said counties, different from that established by law for other counties in the state.   The act further provided that the fees so established should be collected by the sheriffs and clerks of the counties included in the act, and paid over to said counties:   *Held:*   That said act was a local law for the assessment and collection of taxes for county purposes, within the meaning of subdivision 10 of article 23, of the constitution of Oregon, that the legislative assembly shall not pass local or special laws for the assessment and collection of taxes for state, county, township or road purposes, and, consequently, void.

APPEAL from Jackson. The facts are sufficiently stated in the opinion.

*E. C. Bronaugh and J. W. Whalley* for appellant.

No appearance on the part of the respondent.

By the Court, WALDO, J.:

This is an appeal from the judgment of the circuit court for Jackson county, in a proceeding by mandamus, requiring the clerk of said county to record a deed of conveyance, and to accept as his fee therefor the sum fixed for such service by the act of the legislature, approved October 25, 1880. The appellant claims that said act is unconstitutional, because :

1. It violates section 22 of article 4 of the constitution of Oregon, that "no act shall ever be revised or amended by mere reference to its title, but the act revised or section amended shall be set forth and published at full length."

2. That it is an act for raising revenue, and originated in the senate, when, under section 18 of article 4 of the constitution, it should have originated in the house of representatives.

3. That it is a local law regulating practice in courts of justice, contrary to subdivision 3 of section 23, of article 4 of the state constitution.

4. That it is in conflict with subdivision 10 of section 23 of article 4 of the constitution, that the legislative assembly shall not pass local or special laws for the assessment and collection of taxes, for state, county, township or road purposes.

We shall consider only the last ground of objection. The act in question is entitled " an act to provide the compensation of the sheriffs and clerks of the counties of Linn, Lane, Jackson, Benton, Yamhill, Marion, Douglas, Coos, Curry, Clackamas, Union, Umatilla and Polk, in this state, and to provide the manner in which such compensation shall be paid, and also to provide for the payment to said counties fixed sums of money for the performance of certain services by the sheriffs and clerks of said counties."

The act provides that the sheriffs and clerks of the counties named in the act shall be paid salaries by their respective counties, and further provides a table of fees that shall be paid to said counties, for services performed by their sheriffs and clerks under the act.    Nine out of twenty-three counties in the state are excluded from the operation of the act.    The fees mentioned are to be paid, as stated in the act, for services performed for the counties by their sheriffs and clerks.

The sheriffs and clerks described in the act are public officers.    The services performed by such officers are not private—they are public services.    When the clerk records a deed, or when the sheriff serves a summons or other process, he acts for the state, and performs the service at the command of the state.    It is only on the ground that the services performed by such officers are public services, that the power of the legislature to compel them to pay their fees into the public treasury can be maintained.

It is undoubtedly true that the whole matter of fees and compensation of sheriffs and clerks is subject to the control of the legislature.    There can be no other reason for this than the public character of the offices of sheriff and clerk, and the public character of the services they perform.    Were the service performed simply an individual service, the legislature would have no more right to order the fees of such officers to be paid into the county treasury than they would have to make the same disposition of the earnings of private labor.

It is on this principal of their public character that such officers are entitled only to such compensation as the law has expressly provided.    Where no compensation has been provided for a service by law, they are entitled to none on a *quantum meruit*, or otherwise, either from private persons or the public.    (*Bridge* v. *Cage*, cited in *Hatch* v. *Mann*, 15 Wend., 50; *Debolt* v. *Trustees*, 7 Ohio St., 237.)

Sheriffs were formerly paid by fixed salaries from the crown, and were not entitled to charge fees.    So, formerly, judges, even of superior courts, were paid by fees.    Now the

state lays taxes for this purpose.   But it is only because their
services are public that this can be done.   A tax can only be
laid for a public purpose.   A tax laid for a private purpose
is void.  (*Whiting* v. *Railroad Co.*, 25 Wis., 165; *Taylor*
v. *Chandler*, 9 Heisk., 349; *The People* v. *Salem*, 20 Mich.,
452; *Loan Association* v. *Topeka*, 20 Wall., 655.)

Now, if these services of judge, of sheriff, or of clerk
should be compensated, not by contributions laid upon the
public generally, but by specific contributions laid upon a
particular class, it would seem to be a surprising result that
money raised by the same power, and which performs pre-
cisely the same office, should in one case be levied under the
power of taxation and be a tax, and the other be outside of the
taxing power.   "No change of name can change the essential
feature of a thing, nor can it escape constitutional regulation
by a mere play on words, or by giving it a different designation.
(*Taylor* v. *Chandler*, 9 Heisk., 374.)

That parties in courts of justice derive special benefit from
the administration of justice, may be a reason why they
should contribute specially to the maintainance of courts and
their officers.   The same thing occurs in the assessment of
the cost of grading and paving a street upon the adjoining lot
owners.   Such lot owners are called upon to pay the cost of
such improvements because of the special benefits they are
supposed to derive from them.   But such assessments are
taxes, and the power of the legislature to lay them can only
be upheld on this ground.  (*Mayor* v. *Brooklyn*, 4 N. Y., 419.)

It is not a ground to distinguish a special contribution laid
at the command of government, from a special tax, that he
who pays, derives, or is supposed to derive, some special
benefit from its payment.   Says Green, J., in *Williams* v.
*Detroit*, 2 Mich., 567:  "Every species of tax in every mode,
is in theory and principle based upon an idea of compensation,
benefit or advantage to the person or property taxed, either
directly or indirectly.   Taxation, not based on any idea of
benefit to the person taxed, would be grossly unjust, tyrannical

and oppressive, and might well be characterized as public robbery." (See also *Sears* v. *Cattrell*, 5 Mich., 275, Campbell, J.)

Courts are created not alone for the convenience of the parties applying to them, but because they are essential agencies in insuring domestic tranquility and good order. (*Jones* v. *Keep*, 9 Wis., 379.)

Courts and their officers are an essential part of the machinery of government. Government must provide them to carry out its ends and secure its own existence. The right of private persons to apply to them is beyond legislative interference, but they may be taxed on the exercise of the right. (*Harrison* v. *Willis*, 7 Heisk., 35; Cooley on Taxation, 23; *Jones* v. *Keep*, above, 383.)

The special contributions can only be lawful under the taxing power. In any other view such requisitions would come in direct conflict with section 10 of article 1 of the constitution of the state, that justice shall be administered openly and without purchase.

The case of *Falk* v. *The Board of Commissioners of Monroe County*, 46 Ind., 150, affirming the opinion of Worden, C. J., in *Wallace* v. *The Board of Commissioners of Marion County*, 37 Ind., 383, was upon a law of Indiana relating to the fees of sheriffs and clerks, similar to that before the court, requiring such fees to be paid into the county treasuries. It was held in that case that a law requiring sheriffs and clerks to pay fees collected by them to the county treasurer was void, as in conflict with that provision of the constitution that justice shall be administered freely and without purchase. We have the same provision in our constitution in section 10 of article 1.

It would seem the better view that such special contributions are in reality special taxes, which the legislature has power to lay. (*Harrison* v. *Willis*, 7 Heisk., 35; *Townsend* v. *Townsend*, Peck's R. [Tenn.] 15).

The grounds of that decision would seem to apply not only

to the case before the court, but would go to the extent of showing that all such contributions are illegal and void. The only sound principle upon which it would seem possible to avoid this result is to consider these contributions, disguised under the name of fees, to be in name, what they are in fact, special taxes.

These are burdens or charges imposed by the legislative power upon persons or property to raise money for public purposes, or to defray the necessary expenses in administering the government. They are contributions levied on individuals for the service of the state. (*Glasgow* v. *Rowse*, 43 Mo., 489.)

In the case of Washington Avenue, 69 Penn. St., 359, Agnew, J., says that " in order to take the money and effects of the citizen, and apply them to public uses, beside the power of taxation, I know none other than that of eminent domain.

These contributions, under the name of fees, are not taken from individuals by their voluntary consent. They are imposed on the exercise of a right, and are as essentially *in invitum* as the payment of taxes upon corporeal property. In either case the government imposes. The government has no power to impose but for a public purpose, and impositions by government for public purposes are taxes. Turn the subject as we may, it will reduce to this.

It follows, therefore, that the several sums named as fees in the act come within the definition of taxes laid for a special purpose. The language of the constitution, as before cited, is that no local or special law shall be passed for the assessment or collection of taxes for state, county, township or road purposes. There would seem no good reason why this language should not cover the whole extent of the taxing power for the purposes named. There is no restriction in the language unless the word assessment must be held to confine the meaning to such taxes only, as are extended for valuations made by an assessor. Such a construction would exclude from the constitutional protection of this subdivision specific taxes—a species of tax by which it is easily possible to collect

the whole revenue of government.   The general legal meaning of the word assessment is authoritative imposition.   The meaning of the word in said subdivision 10 should be co-extensive with the power which it is the object of this subdivision to limit; and thus all objects be protected from local and special legislation upon which such laws, as understood in the constitution, could operate.

The act of October 25, 1880, must, therefore, be held to be an act to assess and collect specific taxes for public purposes, and, if a local law, is void.   In *Kerrigan* v. *Force,* 68 N, Y., 381, an act entitled " an act relating to the expenses of judicial sales in the county of Kings," was held to be a local law within the meaning of the constitutional provision that no private or local bill should contain more than one subject, which shall be expressed in its title.   Church, C. J., delivering the opinion of the court, says: " I entertain no doubt that this is a local act within the meaning of the constitution.   It applies to an officer of a single county, and to the property and sales made therein.   It is not general, and does not apply to the people of the whole state.   True, all persons, whether living in or out of the state, foreclosing mortgages in that county, would be bound by the act, and they would be so bound because they would then come within the operation of this local act."

The act in question is a local act because, for one reason, it enlarges the sources of revenue from the counties named therein, beyond those excluded from its provisions.   One county, for instance, has a source of general revenue under the act denied to another, as much so as if the legislature had passed an act confined in its operation to one county, levying a *per capita* tax upon a particular class in that county—such an act would not be liable to the charge of want of uniformity. The authorities seem decisive on this point.   It would probably be valid under every other clause in the constitution.   It follows that the act is local, and is, consequently, void.

Judgment reversed.