## TAGGART, AUDITOR, ET AL. *v.* CLAYPOOL.

[No. 17,761.   Filed May 26, 1896.]

STATUTORY CONSTRUCTION.—*A Statute May be Unconstitutional in Part, and Valid as to Residue.*—A statute may be unconstitutional in part and valid as to the residue, and if the unconstitutional portions can be stricken out, and still leave an operative statute, the unconstitutional portions must be regarded as eliminated and the remainder be enforced.

CITIES.—*Annexation of Territory.—Corporate Boundaries.—Statute Construed.—Indianapolis Charter.*—Sections 37 and 38, Act of 1891 (Acts of 1891, p. 137; sections 3808, 3809, Burns' R. S. 1894), providing for the annexation of territory by the common council, and granting the right of appeal to the resident freeholders only, is not a grant to any citizen, or class of citizens, privileges or immunities, which, upon the same terms, do not equally belong to all citizens, and not in conflict with section 23, of article 1, of the State Constitution, nor with the clause in the fourteenth amendment to the Constitution of the United States, which provides, that: "nor shall any State deprive any person of life, liberty, or property, without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws."

From the Marion Circuit Court. *Reversed.*

*J. B. Curtis,* for appellants.

*A. J. Beveridge,* for appellee.

McCABE, J.—The appellee and another, whose death was suggested of record in the court below before judgment, sued the appellant, Taggart, as auditor, and the appellant, the city of Indianapolis, to enjoin each of them from extending certain described lands upon the tax duplicate of the county and city as city property.

It is shown that the threatened extension was about to be made by virtue of the annexation of certain contiguous territory to said city, which included

seventy-five acres of unplatted farm land belonging to the plaintiffs. That such annexation was claimed by the defendants to have been effected by virtue of an ordinance adopted and passed by the common council of said city November 8, 1893, under and pursuant to the provisions of sections 37 and 38, of the charter of said city, approved March 6, 1891. Acts 1891, p. 137; R. S. 1894, sections 3808, 3809.

The circuit court overruled separate demurrers by each of the defendants to the complaint, assigning insufficiency of the facts stated therein to constitute a cause of action against each, and said defendants declining to plead over and standing on their demurrers, the court entered a decree, perpetually enjoining both defendants from entering said lands upon said duplicates for the purposes of city taxation, as prayed for in the complaint.

The right to tax the property for city purposes is not questioned on account of any formal or substantial defect in the ordinance of annexation, or for want of the observance of any legal requirements in the passage of the ordinance, either formal or substantial, but it is claimed that the defect is in the sections of the statute above referred to, constituting a part of the city charter.

The contention is that said sections are void because they violate the constitution of the State and the United States.

The first section above mentioned provides that "the common council shall have power, by ordinance, to declare and define the entire corporate boundaries of such city. * * * Such ordinance * * * may include contiguous territory, whether platted or not, not previously annexed. * * * Said common council may also, by separate ordinance, not purporting to define the entire boundaries of such city, annex con-

tiguous territory, whether platted or not, to such city, and * * * shall be conclusive evidence * * * that the territory therein described was properly annexed and constitutes a part of such city, except as provided in the next section."

The next section provides, among other things, that "whenever such territory * * is unplatted ground, * * * an appeal may be taken from such annexation, by one or more resident freeholders, in the territory sought to be annexed, filing their remonstrance in writing against such annexation, together with a copy of such ordinance, in the circuit or superior courts of the county where such territory is situated; * * * such written remonstrance or complaint shall state the reason why such annexation ought not in justice to take place. * * * The court shall thereupon proceed to hear and determine such appeal without the intervention of a jury, and shall give judgment upon the question of such annexation according to the evidence which either party may introduce, relevant to the issue. If the court should be satisfied, upon the hearing that less than 75 per cent. of the resident freeholders of the territory sought to be annexed have remonstrated, and that the adding of such territory to the city will be for its interest and will cause no manifest injury to the persons owning real estate in the territory sought to be annexed, he shall so find, and said annexation shall take place. If the court shall be satisfied that 75 per cent. or more of the resident freeholders of the territory sought to be annexed have remonstrated, then such annexation shall not take place, unless the court shall find from the evidence that the prosperity of such city and territory will be materially retarded and the safety of the inhabitants and property thereof endangered without such annexation."

The complaint alleges that the plaintiffs, though owners of the unplatted ground in question, included in the territory annexed, were, and are, not residents within said territory, but were, and are, residents within the city of Indianapolis. It is contended, therefore, that as the right of appeal is given only to resident freeholders in the territory sought to be annexed, and the same right impliedly denied to owners of land in the territory who do not reside therein, they are denied the equal protection of the law, their property taken without due process of law, and that privileges and immunities are granted to such resident owners which are denied to the plaintiffs on the same terms.

It is urged, at great length and with much ability, that the sections are void because they violate section 23 of Article 1, of the State constitution, which provides that: "The General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities which, upon the same terms, shall not equally belong to all citizens."

If we were to concede that the statute in question, giving the right of appeal to residents and in denying the same right to landowners not residing within the territory in question, is a violation of the constitutional provision quoted, it does not follow that the appellee's contention can be upheld that the whole of both sections of the act (the charter) are void.    A statute may be unconstitutional in part and valid as to the residue.   *Clark* v. *Ellis,* 2 Blackf. 8 ; *Madison, etc., R. R. Co.* v. *Whiteneck,* 8 Ind. 217 ; *State* v. *Newton,* 59 Ind. 173 ; *Wallace* v. *Board, etc.,* 37 Ind. 383 ; *Campbell* v. *Dwiggins, Treas.,* 83 Ind. 473 ; *Ingerman* v. *Noblesville Tp.,* 90 Ind. 393 ; *City of Indianapolis* v. *Bieler,* 138 Ind. 30.

If the unconstitutional portions of a statute can be stricken out and still leave a complete statute, the unconstitutional portions must be regarded eliminated and the remainder of the statute must be enforced. *State, ex rel.,* v. *Blend,* 121 Ind. 514; *State, ex rel.,* v. *Gorby,* 122 Ind. 17.

The only part of the statute here in question, that can at all be regarded as in conflict with the constitutional provision quoted, is that part giving a right of appeal only to the resident freeholders. That part of the statute may be eliminated without in any way impairing the force of the provisions authorizing the common council to annex the territory. That part of the statute being eliminated, there is no discrimination between resident and non-resident owners of unplatted land within the territory to be annexed. They are all treated as the owners of platted ground within the territory to be annexed, namely, given no right of appeal whatever.

It is established law that territory may be annexed to a city, with or without the consent of the inhabitants of the territory affected. 15 Am. and Eng. Ency. of Law, 1007-1009, and authorities there cited; *Stilz et al.* v. *City of Indianapolis et al.,* 55 Ind. 515, and authorities there cited.

Appellee's learned counsel concedes this to be the law, but contends that the right of appeal being given to one class of owners, such right must be given to all, or the statute will be unconstitutional and void.

But we are of opinion that the provision as to appeal is not in conflict with the section of the bill of rights quoted above.

The ultimate right of annexation is made to depend practically upon the voice of 75 per cent. of the resident freeholders in the territory to be affected. It is the convenience, safety, and well-being of the inhab-

itants of the territory to be affected on the one hand, and that of the city on the other, that the statute makes the criterion for determining the question of annexation. And in order to insure permanency of interest in the inhabitants that are given a voice on the question, they are required to be freeholders.

The convenience, safety, and protection of a resident landowner in the territory may be, and very likely is, different from that of a non-resident landowner in the territory. The one may be interested in and need police and fire protection, water, light, and gas, which the city might afford to him on slight cost, whereas the non-resident might not desire or have any use for such things, and hence, ought no more, in justice, to have a voice in preventing the residents from securing these advantages, than he should be allowed a vote on the levy of a local school tax in that territory, simply because he owned property therein. Therefore, the grant of the right of appeal to the resident freeholders only is not a grant to any citizen or class of citizens privileges or immunities which, upon the same terms, do not equally belong to all citizens.

The terms upon which they are to have a voice in the annexation is such an interest therein as a resident has.

But it is insisted that the non-resident has an interest as a taxpayer. His relation to the public or to the State as a taxpayer is not changed by being transferred from one political subdivision of the State to another. *Stilz et al.* v. *City of Indianapolis et al.*, *supra.*

It is true, such transfer makes him liable to taxation in the city, but it only changes his liability as to local taxation. His liability to State and county taxation remains unchanged. While annexation makes him liable to city taxation for local purposes, he is freed from local taxation in the township or political

subdivision wherein he was taxed before annexation. But it is earnestly urged that city taxation must be so much higher in the city than outside of it that his rights as to the burdens of taxation are seriously and materially affected by annexation.

That, however, is a matter that the courts can take no judicial cognizance of, unless they also take cognizance of the fact that the benefits to be derived from the expenditure of public money raised by taxation in the city would be correspondingly increased, so that in either event the rights of such taxpayer are not affected by such transfer. *Stilz et al.* v. *City of Indianapolis et al., supra; Kelly* v. *City of Pittsburg,* 104 U. S. 78.

What we have already said almost disposes of the alleged conflict of the statute with the clause in the fourteenth amendment to the Constitution of the United States, which provides that: "nor shall any state deprive any person of life, liberty or property, without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws." Due process of law and equal protection of the laws are distinct and independent rights secured to each individual by this constitutional provision, as appellee's learned counsel contends.

But it results almost inevitably from what we have before said, that annexation of territory to a city is not a taking of the property, nor does it deprive any person of his property. Such is now the settled law in this State and by the Supreme Court of the United States. *Kelly* v. *Pittsburg, supra; Stilz et al.* v. *City of Indianapolis et al., supra; State, ex rel.,* v. *Cincinnati,* 27 L. R. A. 37, and note; 1 Beach Pub. Corp., section 398 and authorities there cited.

Therefore, there is no question of due process of law involved in the case.

The constitution of Missouri gives the right of appeal from the circuit to the Supreme Court of the state, except in certain counties, including St. Louis and some others adjacent thereto named, and the city of St. Louis. In those counties, and in that city, an appeal lies to the St. Louis Court of Appeals instead of the Supreme Court of the state. The Supreme Court of the United States held this no denial of the equal protection of the law. *Missouri* v. *Lewis,* 101 U. S. 22. In *Hayes* v. *Missouri,* 120 U. S. 68, Mr. Justice Field, speaking for the court, said: "The Fourteenth Amendment to the Constitution of the United States does not prohibit legislation which is limited, either in the objects to which it is directed, or by the territory within which it is to operate. It merely requires that all persons subjected to such legislation shall be treated alike, under like circumstances and conditions, both in the privileges conferred and the liabilities imposed." To the same effect are *McPherson* v. *Blacker,* 146 U. S. 1; *Soon Hing* v. *Crowley,* 113 U. S. 703. We have already seen that all owners of land in the territory to be annexed are, by the statute in question, treated alike under like circumstances and conditions, and hence it does not deprive anyone of the equal protection of the laws.

Therefore, the statute does not violate the fourteenth amendment to the Constitution of the United States.

It follows, from what we have said, that the complaint of the appellee did not state facts sufficient to constitute a cause of action, and therefore the circuit court erred in overruling the demurrer thereto.

The judgment is reversed and the cause remanded, with instructions to sustain the demurrer to the complaint.