## LEE v. LEONARD INDEPENDENT SCHOOL DIST. (No. 3798.)

Court of Civil Appeals of Texas. Texarkana. Feb. 12, 1930.

Rehearing Denied Feb. 13, 1930.

Cunningham & Lipscomb, of Bonham, for appellant.

Clark, Harrell & Clark, of Greenville, for appellee.

HODGES, J. This is a suit filed by the Leonard independent school district of Fannin county against the appellant, Jack Lee, to collect delinquent taxes due the district for the years 1926, 1927, and 1928. In a trial before the court, a judgment was rendered for the amount of taxes sued for and a foreclosure of the tax lien on land belonging to the appellant.

The facts show that in February, 1926, the county board of trustees of Fannin county, acting under the provisions of article 2922a of the Revised Civil Statutes of 1925, passed an order, at the request of the Leonard independent school district, annexing to that district the following common school district: Shaw, No. 111; Chaney, No. 136; and Mustang, No. 66. The appellant resided in Shaw district, No. 111.

The only defense relied on in the court below, and here urged as a ground for reversal of the judgment, is that article 2922a, under which the county board of trustees acted in making the annexation, is unconstitutional, and for that reason the newly created high school district has no valid existence. Article 2922a is as follows:

"In each organized county in this State and in any county which shall hereafter be organized, the county board of school trustees shall have the authority to form one or more rural high school districts, by grouping contiguous common school districts having less than four hundred scholastic population and independent school districts having less than one hundred and fifty scholastic population, for the purpose of establishing and operating rural high schools. Provided, also, that the county board may annex one or more common school districts to a common school district having four hundred or more scholastic population or to an independent district having one hundred and fifty or more scholastic population upon the approval of the board of trustees of the common school district having four hundred or more scholastic population, or of the independent district having one hundred and fifty or more scholastic population, as the case may be; providing that when one or more common school districts are so annexed to a common school district having four hundred or more scholastic population, or to an independent district having one hundred and fifty, or more scholastic population, as the case may be, a board of trustees shall be elected from the district at large and shall have the management and control of the schools thereof; provided, however, that the existing board of trustees of the said common or independent district shall have control of the district as enlarged until the time for the next election and qualifications of trustees for common and independent districts, as provided by General Law."

It is conceded that the requirements of the statute were complied with, and that the conditions as to population of the districts affected were at the time such as to make the terms of this statute applicable. In short, it is admitted that the plaintiff in the suit had the right to recover the taxes sued for, if the article above quoted is constitutional.

Article 7 of our state Constitution undertakes to make provision for the establishment and maintenance of a public free school system. Section 3 of that article, after providing a method of taxation for school purposes, contains the following:

"And the legislature may also provide for the formation of school districts by general or special law without the local notice required in other cases of special legislation and all such school districts, whether created by general or special law, may embrace parts of two or more counties. And the legislature shall be authorized to pass laws for the * * * collection of taxes in all said districts, and for the management and control of the public school or schools of such district, whether such districts are composed of territory wholly within a county or in parts of two or more counties."

██ It is not contended that the Legislature did not have the power to provide for the formation- of both common school districts and rural high school districts by grouping or annexation without the approval of the trustees or the voters of the territory affected. The particular objection is that article 2922a is discriminatory, in that it required the approval of the trustees of the Leonard independent school district, to which the annexation was made, without allowing an equal right to the trustees of the common school districts to be annexed. It is contended that this discriminatory provision violates the Fourteenth Amendment to the Constitution of the United States and sections 3 and 19 of article 1 of the Constitution of the state of Texas. School districts are but subdivisions of the state government, organized for convenience in exercising the governmental function of establishing and maintaining public free schools for the benefit of the people. School trustees are public officers, whose powers are under the control of the Legislature. Buchanan v. Graham, 36 Tex. Civ. App. 468, 81 S. W. 1237; Kimbrough v. Barnett, 93 Tex. 301, 55 S. W. 120. The constitutional provisions invoked by the appellant impose no restriction on the police powers of the Legislature as exercised in article 2922a. State v. Williams, 68 Conn. 156, 35 A. 24, 421, 48 L. R. A. 465; Carrithers v. Shelbyville, 126 Ky. 769, 104 S. W. 744, 17 L. R. A. (N. S.) 421; Taggart v. Claypool, 145 Ind. 590, 44 N. E. 18, 32 L. R. A. 586; Tisdale v. Eldorado Independent School Dist. (Tex. Civ. App.) 287 S. W. 147.

If there is anything in that article which renders it subject to a constitutional objection, it is found in that provision which permits the annexation of common school dis-. tricts on the "approval" of the trustees of the independent district to which the other districts are to be attached. The most that can be said of that provision is that it grants to the trustees of the independent school districts a "special privilege" not accorded to other trustees. If that provision be treated as repugnant to the Constitution, it may be disregarded without affecting the remaining provisions of the article. Zwernemann v. Von Rosenberg, 76 Tex. 522, 13 S. W. 485, 488; Breen v. Texas, etc., R. R. Co., 44 Tex. 302; W. U. Tel. Co. v. State, 62 Tex. 630. In the first case cited the court said:

"The rule for the construction of statutes in partial conflict with the constitution is that if the portion repugnant to the fundamental law can be stricken out, and that which remains is complete in itself, and 'capable of being executed in accordance with the apparent legislative intent, * * * it must be sustained.'"

If the objection urged is applicable to this statute, we think the objectionable portion can well be eliminated without affecting the validity of that portion which was clearly within the power of the Legislature.

The judgment will be affirmed.