

# THE ATTORNEY GENERAL

## OF TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

AUSTIN 11, TEXAS

February 22, 1955

Honorable J. W. Edgar    Opinion No. S-152
Commissioner of Education
Texas Education Agency    Re:  Availability of the
Austin, Texas                  Federal Social Secur-
                               ity program to school
Dear Dr. Edgar:                districts.

You have requested the opinion of this office concerning the application of the Social Security Act of the United States to local school districts in Texas. Throughout this opinion we shall designate the Old Age and Survivors Insurance program under the Social Security Act as OASI, its popular designation.

The Social Security Act was amended in 1950 by adding to Title II a new section, numbered 218, dealing with voluntary agreements for coverage of employees of States and their political subdivisions (Section 106 of Chapter 809, P.L. 734, Laws of 81st Congress, 2nd Session, 1950). Subsection (d) of Section 218 excluded from the coverage of the Social Security Act employees who were members in a retirement system established by a State or by a political subdivision thereof. See the Congressional Committee reports on this Act at pages 3287, 3406, 3408, 3489, U.S. Code Congressional Service, 81st Congress, 2nd Session, 1950. The Legislature enacted Chapter 500, Acts of the 52nd Legislature, 1951, page 1480 (codified as Article 695g, Vernon's Civil Statutes) authorizing the governing body of any county, municipality or other subdivision of the State (acting through the agency of the State Department of Public Welfare) to enter into an agreement with the Federal Security Administration to obtain OASI coverage for their employees, and also authorized the governing bodies to make payments for the coverage benefits to the Federal agency from the body's official funds and from sums withheld from the salaries of its employees. A 1953 amendment by the Legislature did not change Article 695g so far as discussion is concerned in this opinion (see Chapter 197, Acts of the 53rd Legislature, Regular Session, 1953, page 544) nor did a 1954 amendment (see Chapter 58, Acts of the 53rd Legislature, 1st Called Session, 1954, page 129).

In 1954 Congress amended Section 218(d) of the Social Security Act so that employees of a State or one of its political subdivisions who were members in a retirement system established by the State or a political subdivision could

obtain OASI benefits under the Social Security Act. See Section 101(h) of Chapter 1206, P.L. 761, Acts of the 83rd Congress, Second Session, 1954 (codified as 42 U.S.C.A. 8 418 /d/) and the Congressional Committee Reports on this amendment at pages 6858, 6863, 6897 and 6955, U.S. Code Congressional and Administrative News. The amendment prescribes a referendum in which a majority of the employees within a separate coverage group must vote by secret written ballot in favor of extending the OASI program to their retirement system. The amendment provides that, if the State so desires, members of a retirement system that covers employees of more than one political subdivision of the State may be considered as a separate retirement system within each political subdivision.

A question at once arises as to the validity of OASI contributions paid from public funds held by the participating school districts for educational purposes. Sections 51 and 52 of Article III of the Constitution of Texas prohibit the grant of any public moneys by the Legislature or a school district to any individual or corporation. However, this is not applicable to the matching payments of OASI contributions. The Legislature has provided that such matching contributions shall be construed as salary paid to the employee. "The respective governing bodies are authorized to pay contributions as required by these agreements from those funds from which the covered employees receive their compensations. . ." and the laws fixing the maximum compensation for county employees are amended "to allow payment of the matching contribution. . . in addition to any maximum compensations otherwise fixed by law." Section 6 of Article 695g, as amended in 1953.

Now to answer your questions:

"1. May a local Board of Trustees make a contract binding its successors for a minimum period of five years?"

A school district has no inherent power of contract, but only such powers in making contracts, and for such terms, as the Legislature authorizes. Fikes v. Sharp, 112 S.W.2d 774 (Tex.Civ.App. 1938, error ref.); Stewart v. Blair, 159 S.W. 928 (Tex.Civ.App. 1913); Attorney General's Opinion O-4953 (1942). In the case of Lee v. Leonard Independent School District, 24 S.W.2d 449, 450 (Tex.Civ.App. 1930, error ref.), the court said that "School districts are but subdivisions of the state government, organized for convenience in exercising the

governmental function of establishing and maintaining public free schools for the benefit of the people. School trustees are public officers, whose powers are under the control of the Legislature." Section 6 of Article 695g provides that "the respective governing bodies of the various. . . political subdivisions of the State which are now or shall hereafter become eligible under Federal requirements are hereby authorized to enter into all necessary agreements with the State Agency to enable the employees of the respective . . . political subdivisions to have coverage under the Social Security Act." Thus, the Legislature has authorized a local board of trustees to make a five-year contract with the State Agency, since that is a "necessary agreement . . . to enable (its) employees . . . to have coverage under the Social Security Act."

"2. May a local Board of Education under present statutes expend school funds to provide social security and survivors' benefit insurance for its employees?"

Subdivision 2 of Article 2827, V.C.S., provides that "local funds from district taxes. . . and other local sources may be used for the purposes enumerated for State and county funds . . . and for other purposes necessary in the conduct of the public schools to be determined by the Board of Trustees." Subdivision 1 of this Article provides that the State and county available funds shall be used for the payment of teachers' and superintendents' salaries, among other things. Section 6 of Article 695g authorizes a local board of education to pay contributions, as required by its agreement, "from those funds from which the covered employees receive their compensation." Neither Section 5 nor Section 6 of Article VII of the Texas Constitution, dealing with the State available fund and, respectively, with the county available fund, prohibits such an expenditure.

"3. Article III, Section 48a of the Texas Constitution provides: ' . . . and provided that the recipients of such retirement fund shall not be eligible for any other pension retirement funds or direct aid from the State of Texas, unless such retirement fund contributed by the State is released to the State of Texas as a condition to receiving such other pension aid.' Would this constitutional provision prevent the receiving of both old age security benefits and teacher retirement benefits at one and the same time?"

As held in Attorney General's Opinion S-151 (1955), the receipt of a benefit under OASI will not be the receipt of "pension retirement funds or direct aid from the State of Texas" within the prohibition of Section 48a of Article III of the Texas Constitution, so that it is not unlawful for the same person to receive benefits from the Teachers Retirement System and from the Social Security program at the same time.

"4. The Foundation Program provides a legal minimum salary. May the local Board of Trustees consider the matching funds paid by them as a portion of the required minimum salary and reduce the teacher's take-home pay correspondingly?"

This question is substantially answered in Question 2 above. Section 6 of Article 695g, as we have seen, authorizes the board of trustees to pay contributions as required by the agreement from those funds from which the covered employees receive their compensations. Continuing, the section provides that all prior laws which fix a minimum compensation for any covered employees of counties are amended to allow payment of the matching contribution in addition to any maximum compensations otherwise fixed by law. As shown by the underscoring, only the salaries of county employees require the contribution from OASI benefits to be in addition to previous salary maximums. Where the Minimum Foundation Program salary has been established as the maximum salary for a teacher by a board of trustees, then the take-home pay of the teacher will be decreased by the amount of the OASI contribution. However, the board of trustees, in its discretion, could assume this payment from the local funds governed by Article 2827, as discussed in Question 2, "in consideration of the employees' retention in or entry upon employment." Section 8 of Article 695g.

"5. May a state-wide referendum be called and the employees of all districts have opportunity for coverage with the State matching employee contributions?"

Section 3 of Article 695g authorized the State Agency to enter into agreements with the Federal Security Administrator to obtain OASI coverage for employees of school districts. These agreements may contain any provisions relating to contributions on which the State Agency and the Administrator shall agree, provided the agreements are consistent with the Constitution and the laws of Texas. As noted in the legislative history above, the Social Security amendments of 1954 provided that all employees in positions which were covered by the same retirement system

shall be considered as a separate coverage group. An alternative separate coverage group was permitted where a retirement system covers employees of more than one political subdivision of the State. If the State Agency, in its discretion, chooses to hold a state-wide referendum among the employees of the school districts who are also members of the Teacher Retirement System of Texas, there is no constitutional prohibition of such action. Also, as held in the preceding Questions 2 and 4, the State would be authorized to make contributions matching employee contributions, the funds being deducted from either the Minimum Foundation Program salary funds or from the State available fund.

## SUMMARY

The Legislature has authorized a local board of school trustees to contract with the State Agency for a five-year period for OASI participation. The local board of trustees is also authorized to expend either local funds or Minimum Foundation Program salary funds for OASI benefits.

A state-wide referendum of all members of the Teachers Retirement System of Texas is authorized. The State could match employee contributions from either Minimum Foundation Program salary funds or from the State Available Fund.

There is nothing in the Constitution of Texas that prohibits the State or district participation in the Social Security Act.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

L. P. Lollar
Reviewer

John Reeves
Reviewer

John Ben Shepperd
Attorney General

BEL:cs:wb

Yours very truly,

JOHN BEN SHEPPERD
Attorney General of Texas

By *Billy E. Lee*
Billy E. Lee
Assistant