OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

August 2, 2001

The Honorable Juan J. Hinojosa
Chair, Criminal Jurisprudence Committee
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. JC-0403

Re: Whether the office of consolidated school district trustee is an "office of profit or trust" within the meaning of article XI, section 11 of the Texas Constitution and related question (RQ-0366-JC)

Dear Representative Hinojosa:

You ask whether a commissioner of a home-rule city who campaigns for the office of trustee of a consolidated school district automatically resigns from office by operation of article XI, section 11 of the Texas Constitution.[1] We conclude that the office of trustee of the board of a consolidated school district is an "office of profit or trust" within the meaning of article XI, section 11 and that a city commissioner who announces his or her candidacy or in fact becomes a candidate for that office automatically resigns. You also ask when any vacancy arising from such an automatic resignation must be filled. We conclude that the city official charged with initiating special elections may act to hold an election to fill the vacancy immediately upon the first act of the commissioner that would constitute an automatic resignation under article XI, section 11, but must do so in time to ensure that the vacancy is filled within 120 days.

You explain that a commissioner of the governing body of the City of Elsa, a home-rule city, is campaigning to be elected to the board of trustees of the Edcouch-Elsa Consolidated School District and intends to file for a place on the ballot in the upcoming election for that position. *See* Request Letter. We assume that the City operates under a commission form of government. *See* TEX. LOC. GOV'T CODE ANN. § 26.021 (Vernon 1999) (home-rule "municipality may adopt and operate under any form of government, including the aldermanic or commission form"). As you are aware, under article XI, section 11 of the Texas Constitution, certain city officers automatically resign from office upon running for a second "office of profit or trust." TEX. CONST. art. XI, § 11. You ask whether the office of trustee of the board of a consolidated school district is an "office of profit or trust" within the meaning of that constitutional provision. *See* Request Letter, note 1. And, if it is, you also ask whether the Mayor of the City must act to hold an election to fill the vacancy

---

[1] Letter from Honorable Juan J. Hinojosa, Chair, Criminal Jurisprudence Committee, to Honorable John Cornyn, Texas Attorney General, at 1 (on file with Opinion Committee) [hereinafter Request Letter].

immediately or later, when and if the city commissioner is elected to and accepts the second office. *See id.*

Article XI, section 11 provides as follows:

> A Home Rule City may provide by charter or charter amendment, and a city, town or village operating under the general laws may provide by majority vote of the qualified voters voting at an election called for that purpose, for a longer term of office than two (2) years for its officers, either elective or appointive, or both, but not to exceed four (4) years; provided, however, that tenure under Civil Service shall not be affected hereby.

> Provided, however, if any of such officers, elective or appointive, shall announce their candidacy, or shall in fact become a candidate, in any general, special or primary election, for any office of profit or trust under the laws of this State or the United States other than the office then held, at any time when the unexpired term of the office then held shall exceed one (1) year, such announcement or such candidacy shall constitute an automatic resignation of the office then held, and the vacancy thereby created shall be filled pursuant to law in the same manner as other vacancies for such office are filled.

> A municipality so providing a term exceeding two (2) years but not exceeding four (4) years for any of its non-civil service officers must elect all of the members of its governing body by majority vote of the qualified voters in such municipality, and any vacancy or vacancies occurring on such governing body shall not be filled by appointment but must be filled by majority vote of the qualified voters at a special election called for such purpose within one hundred and twenty (120) days after such vacancy or vacancies occur.

TEX. CONST. art. XI, § 11. Because article XI, section 11 only applies to cities that have adopted terms in excess of two years for their officers, we assume that the City's commissioners serve terms in excess of two years. *See* Tex. Att'y Gen. Op. No. M-586 (1970) at 4 (Texas Constitution article XI, section 11 automatic resignation provision applies only to municipal officers whose term of office exceeds two years); *see also* Tex. Att'y Gen. Op. No. JC-0293 (2000) (assuming that City of Elsa commissioners serve terms in excess of two years and that commissioners must be elected by majority vote as required by article XI, section 11). In addition, because article XI, section 11's automatic resignation provision only applies to an officer who runs for another office when more than one year remains in his or her term, *see* TEX. CONST. art. XI, § 11 ("if any of such

officers . . . shall announce their candidacy, or shall in fact become a candidate . . . *at any time when the unexpired term of the office then held shall exceed one (1) year*") (emphasis added), we assume that the city commissioner at issue has more than a year remaining in his term.

In answer to your first question, we conclude that the office of trustee of the board of a consolidated school district is an "office of profit or trust" for purposes of article XI, section 11. Again, article XI, section 11's automatic resignation provision applies to city officers who hold a term in excess of two years who "announce their candidacy, or . . . in fact become a candidate, in any general, special or primary election, for *any office of profit or trust* under the laws of this State or the United States other than the office then held." TEX. CONST. art. XI, § 11 (emphasis added). Because there are very few cases or attorney general opinions construing article XI, section 11, this office construes that provision relying on cases and attorney general opinions construing article XVI, section 65, which contains almost identical language providing for the automatic resignation of certain county and district officers,[2] and which was adopted by the voters at the same time. *See* TEX. CONST. art. XVI, § 65; Tex. Att'y Gen. Op. No. JC-0318 (2000) at 3 ("we construe article XI, section 11's automatic resignation provision according to case law and attorney general opinions construing article XVI, section 65").

A judicial decision, *Ramirez v. Flores*, 505 S.W.2d 406 (Tex. Civ. App.–San Antonio 1973, writ ref'd n.r.e.), expressly holds that the office of school district trustee is an office of profit or trust within the meaning of article XVI, section 65: "It is settled in Texas that a trustee of an independent school district holds an office of trust under the laws of this state." *Id.* (citing *Kimbrough v. Barnett*, 55 S.W. 120 (Tex. 1900); *Lee v. Leonard Indep. Sch. Dist.*, 24 S.W.2d 449 (Tex. Civ. App.–Texarkana 1930, writ ref'd)). The board of a consolidated school district is the legal equivalent of the board of an independent school district. *See* TEX. EDUC. CODE ANN. §§ 11.151(a) (powers and duties of board of trustees of independent school district), 13.155 (consolidated school district is an independent school district) (Vernon 1996). Accordingly, the office of consolidated school district trustee is an office of profit or trust within the meaning of article XI, section 11.

Next we consider your question about when the Mayor of the City must act to hold an election to fill a vacancy. As you ask about the duty of the Mayor, we assume that the Mayor is the city official charged with initiating special elections. As we explain below, the Mayor may initiate an election to fill a vacancy immediately upon any act of the commissioner that triggers an automatic resignation under article XI, section 11, but must do so in time to ensure that the vacancy is filled within 120 days.

---

[2]Article XVI, section 65 provides in pertinent part: "If any of the officers named herein shall announce their candidacy, or shall in fact become a candidate, in any General, Special or Primary Election, for any office of profit or trust under the laws of this State or the United States other than the office then held, at any time when the unexpired term of the office then held shall exceed one (1) year, such announcement or such candidacy shall constitute an automatic resignation of the office then held." TEX. CONST. art. XVI, § 65(b).

Under article XI, section 11, if an officer, who has more than a year remaining in his or her term, *"announce[s] [his or her] candidacy*, or *in fact become[s] a candidate*, in any general, special or primary election, for any office of profit or trust under the laws of this State or the United States other than the office then held" then "such announcement or such candidacy shall constitute an automatic resignation of the office then held." TEX. CONST. art. XI, § 11 (emphasis added). Thus, automatic resignation is triggered in either of two ways — announcing one's candidacy or in fact becoming a candidate.

Attorney general opinions explain that an officer announces his or her candidacy for office for purposes of the constitutional automatic resignation provisions by making a written or oral statement "[i]f a reasonable person may conclude from the statement that the individual intends, without qualification, to run for the office in question." Tex Att'y Gen. Op. No. JC-0249 (2000) at 2 (citing Tex. Att'y Gen. LO-95-071, at 2). A person who has merely stated that he or she will "seriously consider running" for an office if the incumbent resigns has not announced his or her candidacy. *See id.* By contrast, a person who states without qualification in a public meeting or press release that he or she will run for a particular office has announced his or her candidacy for purposes of these provisions. *See id.; see also* Tex. Att'y Gen. Op. Nos. DM-377 (1996) (county court at law judge's statement at a commissioners court meeting that he was "at that moment" a candidate for a judgeship constituted an announcement for purposes of article XVI, section 65); WW-1253 (1962) (justice of the peace's issuance of press release stating that he would be a candidate for another office constituted an announcement for purposes of article XVI, section 65). On the other hand, an officer "in fact become[s] a candidate" by the act of applying for a place on the ballot. *See* Tex. Att'y Gen. Op. No. JC-0249 (2000) at 3.

A municipal officer who automatically resigns pursuant to article XI, section 11 holds over in office until his successor qualifies for office pursuant to article XVI, section 17. *See* Tex. Att'y Gen. Op. No. JC-0318 (2000) at 5; *see also* Tex. Att'y Gen. Op. No. JC-0293 (2000) (holding that incumbent City of Elsa commissioner who received only a plurality vote held over in office until position could be filled by a majority vote). However, article XI, section 11, unlike article XVI, section 65, mandates that "any vacancy or vacancies occurring on such [municipal] governing body . . . must be filled by majority vote of the qualified voters at a special election called for such purpose within one hundred and twenty (120) days after such vacancy or vacancies occur." TEX. CONST. art. XI, § 11. This duty to hold an election to fill a vacancy is a ministerial, non-discretionary, enforceable duty. *See* Tex. Att'y Gen. Op. No. JC-0318 (2000) at 6-7. Thus, the Mayor may act to initiate an election to fill the vacancy immediately upon the first act of the commissioner that would constitute an automatic resignation under article XI, section 11, but must do so in time to ensure that the vacancy is filled within 120 days after the vacancy occurs.

# S U M M A R Y

The office of trustee of the board of a consolidated school district is an "office of profit or trust" within the meaning of article XI, section 11 of the Texas Constitution. Thus, a city commissioner who, with more than one year remaining in a term in excess of two years, announces his or her candidacy or in fact becomes a candidate for the office of trustee of a consolidated school district automatically resigns by operation of that article XI, section 11. The city official charged with initiating special elections may act to hold an election to fill the vacancy immediately upon the first act of the commissioner that would constitute an automatic resignation under article XI, section 11, but must do so in time to ensure that the vacancy is filled within 120 days.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General - Opinion Committee